HUBBELL
v.
COUDREY.

HUBBELL, survivor, &c. *against* COUDREY.

*The statute of limitations is a good plea to an action of debt brought here on a judgment in Connecticut. The judgments of courts of other states, are simple contract debts.*

THIS was an action of *debt.* The declaration stated, that at a county court, held at *Danbury,* in the state of *Connecticut,* on the third *Tuesday* of *November,* 1799, the plaintiff as survivor of, &c. recovered against the defendant, 1617 dollars and 19 cents, of debt, and 14 dollars and 50 cents, of costs, as by the record thereof appears, and that the judgment remained in full force, &c. whereby an action had accrued, &c.

The defendant pleaded,

1. *Nil debet.*

2. That the action did not accrue within six years next before, &c.

There was a *general demurrer and joinder,* as to the second plea, which was submitted to the court, without argument.

*Per Curiam.* The statute of limitations may be pleaded to all actions of debt, upon simple contract; and the judgment upon which the suit is brought, cannot, according to the settled doctrine in this court, be viewed in any higher light. In *Walker* v. *Witter,* (*Doug.* 1.) it was held, that an action of *debt* or *assumpsit,* would lie upon a foreign judgment; and Lord *Mansfield* observed, in that case, that a judgment was not a *specialty,* but the debt only a simple contract debt. In *Duplein* v. *De Rover,* (2 *Vern.* 540.) the very point arose. The statute of limitations was pleaded to a suit in chancery, on a judgment, in *France;* and Lord Chief Justice *Cowper* admitted the plea, and said that a judgment in *France* must be considered in *England,* as a debt by simple contract. The demurrer is therefore not well taken, but the plaintiff, according to his prayer, may have leave to withdraw it and reply, upon payment of costs.

Judgment for the defendant.