Nooe v. Bradley and Another.

The board doing county business may, under the statute of 1831, order an election of a justice of the peace to supply a vacancy which had previously occurred; but they have no authority to make such an order in anticipation of a vacancy.

*Tuesday,
December 18.*

APPEAL from the *Marion* Circuit Court.

M'KINNEY, J.—The plaintiff, an elector of *Marion* county and resident in *Centre* township, contested before the board of commissioners, the election of the defendants, *Bradley* and *Wingate*, respectively returned as being elected justices of the peace of that township.

The following are the grounds upon which the validity of the election was questioned:—1st, because the said election was holden without authority of law, there being no vacancies in the office of justice of the peace at the time said election was holden; 2dly, because the said *Bradley* and *Wingate* did not receive the highest number of legal votes given at such election; 3dly, because the said *Bradley* and *Wingate* did not receive a majority of all the votes at said election; 4thly, because many, to wit, 100 illegal votes were received at said election, and because many, to wit, 50 legal votes were rejected; 5thly, because one of the officers of said election was incompetent to act as such.

A motion was made before the board of commissioners to set aside the 3d, 4th, and 5th grounds of contest as insufficient, which was overruled. The board of commissioners by their judgment, declared the election void. From this judgment the defendants, *Bradley* and *Wingate*, appealed to the Circuit Court. In that Court, a motion was made and sustained to set aside the 1st, 3d, 4th, and 5th grounds of contest. To the opinion of the Court sustaining that motion, *Nooe* excepted.

An agreed case, entered into by the parties, forms a part of the record. It is as follows:—"In this case it is agreed, that the election was ordered to be held in anticipation of two vacancies, which were to accrue ten days after the day when the election was held, and five years, precisely, from the time of the election of the justices, whose places were to be supplied. It

is further agreed, that of the votes given at said election by 403 voters, 205 were given to the said *Henry Bradley,* 191 were given to the said *Joseph Wingate,* 153 to one *Obed Foot,* 151 to *Wilks Reagan,* and 4 to one *Caleb Scudder;* and said *Bradley* and *Wingate* were declared duly elected. It is also agreed, that nothing herein contained shall be an admission of the sufficiency of the points stated as causes of contest. It is also agreed, that several tickets, to wit, 50 in number, were put in at said election, containing but one name in such ticket."

The case was submitted to the Circuit Court, and it reversed the judgment of the board of county commissioners, and rendered judgment in favour of the defendants. The case is before us by appeal from the judgment of the Circuit Court.

A number of questions are presented by the record. The principal one, however, and that upon which this case turns, relates to the authority of the board doing county business, to order an election in anticipation of a vacancy. Whether the Circuit Court erred in setting aside the 1st, 3d, 4th, and 5th points of contest, is not now material to be decided, since the agreed case substantially embodies the grounds upon which the contest was originally based. If the board doing county business had no authority to order the election, the whole proceeding is void. We will inquire whether the board possessed this authority.

This question must be determined by the act "to provide for electing county and township officers." Rev. Code, 1831, p. 222. The act provides for the election of justices of the peace, and in it alone is found the authority to order such election. By the latter clause of the 7th section, it is enacted " that the board doing county business, or the clerk of the Circuit Court in recess, are hereby authorised to receive the resignation of justices of the peace, and in all cases of vacancies in the office of justice of the peace, by resignation, removal, or otherwise, the county commissioners, (board doing county business,) on being informed thereof, shall cause such vacancies to be filled by election, as directed in this act." Here is the power given to order an election, but not a power to be exercised *ad libitum.* It is qualified and restricted to the filling of vacancies. A vacancy may occur by death, resignation, removal, or the expiration of the period for which the incumbent was elected.

When the board doing county business is informed of a vacancy thus caused, it is its duty to order an election.

The board possesses a special and limited authority; and no principle is better settled, than that in the exercise of such an authority, error supervenes if its limits be transcended. The cases of *Wise* v. *Withers*, 3 Cranch, 331,—*Rose* v. *Himely*, 4 ib. 241,—*Griffith* v. *Frazier*, 8 ib. 9,—*Denn* v. *Harnden*, 1 Paine's R. 55, are a few of the many adjudications that establish all proceedings to be void, which are beyond the jurisdiction of a Court. The act is affirmative, and directs the manner in which the election shall be holden. It cannot be done in any other manner. 3 Mass. Rep. 307. It is also equally well settled, in relation to a special authority, that every thing done under the colour thereof, which is not within it, is void. 6 Bac. Abr. 383.—1 Burr. R. 447.—3 Mass. R. 21, 22. An order to elect in anticipation of a vacancy, is not within the authority given by the statute, and must be void. Whether public convenience would not be promoted by such an authority, is not a question for our decision. That such authority does not exist, may be a *casus omissus;* or would, from a view of the whole act, rather appear a legislative intendment.

The act provides for the election of clerks of the Circuit Courts, recorders, and associate judges, in addition to justices of the peace. By the 3d sec. it is provided, "that hereafter, where the term of service of any of the clerks of the Circuit Courts, recorder, or associate judge, shall be about to expire, a poll shall be opened in each township in the county on the first Monday in *August*, next preceding the expiration of his or their term of service, the return of which shall in all respects be governed by the law regulating general elections,"—with a proviso, that the person elected and commissioned, shall not enter on the duties of his office, until the constitutional term for which his predecessor may have been commissioned, shall have expired. Here is an express provision for elections in anticipation of vacancies. It is, however, specific and determinate, and does not leave at large such elections. They are to take place on the first Monday in *August* next preceding the expiration, &c. It would seem reasonable, that if other elections were to be in anticipation of vacancies, there should be a specific time authorised, at which they should take place. By no

rule applicable to the construction of a statute, can a justice of the peace be embraced within it.

It is contended by the appellees, that the 63d sec. of the act regulating the jurisdiction and duties of justices of the peace, warrants a construction, by which the order for the election in anticipation of a vacancy is justified. We have examined the section, and entertain an opposite opinion. The first branch of the section provides, "whenever the office of any justice of the peace shall become vacant, all the dockets, papers, and public laws or statutes pertaining to his office, shall, if a successor be chosen and qualified at the time, be delivered over to him; but if no successor be chosen and qualified, then to the nearest justice in the township," &c. In this provision, there is no reference to an order of election by the board doing county business—no enlargement of the power of such board; nor can we deduce from a section, which is directory as to the disposition of the docket, &c. of a justice when a vacancy has occurred, a principle by which to legitimate an order for an election, when the power to issue such order is not given. The act, as its title purports, regulates the jurisdiction and duties of justices of the peace, but does not prescribe the mode of filling a vacancy.

We are therefore clearly of opinion, that the Circuit Court erred in rendering judgment in favour of the defendants, *Bradley* and *Wingate*.

*Per Curiam.*—The judgment is reversed with costs.

*H. Brown*, for the appellant.

*C. Fletcher*, *S. Merrill*, and *H. Gregg*, for the appellees.