TREAT, Justice, delivered• the opinion of the court: Bimeler brought an action against Dawson and Welch. There was service of process on Dawson only. The declaration was in debt on a judgment recovered by the plaintiff against the defendant's, in the court of common pleas of Starke county, in the State of Ohio, on the 18th of June, 1838, for f362.86 damages, and $8.87 costs. Dawson pleaded first, nul tiel record; secondly, that he was not personally served with process, and had no notice of the pen-dency o.f the suit in which the judgment was recovered. To the second plea the plaintiff replied, that the defendant had notice of the pendency of the suit. The cause, was tried by the court. On the trial the plaintiff read in evidence, the record (duly authenticated) of a judgment like the one set out in the declaration. The record showed personal service of process on Welch, and service on Dawson by leaving a copy of the summons at his residence, and the rendition of a judgment by default, against both of the defendants. This was all of the evidence. The court determined that the record for the want of personal service of process on Dawson, was not evidence of indebtedness against him, and rendered a judgment in his favor for costs. That decision is now assigned for error. The only question for consideration is, whether the record introduced by the plaintiff furnished sufficient evidence to sustain his action. The judgments in personam of one country can be enforced by suit in the judicial tribunals of another country. It is admitted by all the courts, that the foreign judgment [*540], is prima fade evidence to sustain the action, and it is to be deemed sufficient, until the contrary is established. The only question about which there seems to be any diversity of opinion is, whether the judgment is to be considered as conclusive, so as to prevent the defendant from going behind it, and instituting an enquiry into the original merits of the controversy. In the case of Walker v. Witter, Douglass 1, Lord Mansfield held, that although the judgment gave a ground of action, it was only prima facie evidence, and might be enquired into and examined. The same doctrine was maintained in the cases of Phillips v. Hunter, 2 H. Blac. 410; Hall v. Odber, 11 East 118; Bailey v. Edwards, 3 Swanston 703; and Arnot v. Redfern, 2 Carr & Payne 88. Notwithstanding the expressions of some judges that the judgment ought to be regarded as conclusive between the parties, when sued on in a foreign court, the rule clearly deduci-dle from the decisions of the British courts is, that the judgment is to be received in the first instance as prima facie evidence of indebtedness, and the defendant is allowed to impeach the justice of it, or show that it was unduly or irregularly obtained. The' same rule has been generally recognised and followed by the courts of this country, in relation to judgments rendered out of the jurisdiction of the United States. 2 Kent’s Com. 120. Hitchcock v. Aicken, 1 Caines 460; Hubbell v. Cowdrey, 5 Johns. 132; Taylor v. Bryden, 8 Johns. 173; Bartlett v. Knight, 1 Mass. 401; Butrick v. Allen, 8 Mass. 273; Bissell v. Briggs, 9 Mass. 462. The constitution of the United States declares that full faith and credit shall be given in each state, to the public acts, records, and judicial proceedings of every other state, and confers power on congress to provide the manner in which the same may be proved, and the effect thereof. Congress, legislating in pursuance of this authority, has provided the mode of authenticating the records and judicial proceedings of the states, and declared that they shall have such faith and credit given them in every court of the United States, as they have by law or usage in the courts of the state from whence taken, or where rendered. Act of congress of 26th May, 1790. The supreme court of the United States, in the case of Mills v. Duryee, 7 Cranch 481, decided that nil debet was not a good plea to an action founded on the judgment of a court of record of another state, and that the same effect was to be given to the judgment as would be in the state where rendered; that the judgment was to be considered as conclusive in every other state, if the courts of the particular state, where recovered, would hold it conclusive. The same principle was afterwards affirmed by that court, in the case of Hampton v. McConnel, 3 Wheat. 234. Prior to the decision, in Mills v. Duryee, the general tenor of the decisions of the state courts has been to regard the judgments of another state in the light of foreign judg- [*541] ments. The effect of that decision was to place them on the footing of domestic judgments, and to give them the same dignity and conclusive effect, when sued on in a different state, that they had in the state where rendered. That decision has been acquiesced in and followed by the state tribunals, and may now be regarded as the settled law of the country. The doctrine of that case, however, is to be understood as applying to judgments in personam, and to those with these qualifications: that the defendant may impeach the judgment, by showing that it was fraudulently obtained, or that the court rendering it had no jurisdiction of his person, or of the subject matter. In Borden v. Fitch, 15 Johns. 121, it was decided, that a judgment recovered in the state of Vermont, against a party who resided out of the state, and had no notice of the pendency of the trial, was void, and could not be enforced. The court also asserts the principle that a judgment may be impeached for fraud. In Andrews v. Montgomery, 10 Johns. 162, the court says, that the case of Mills v. Buryee was never intended to preclude a party from showing that the judgment had been fraudulently obtained, or rendered by a court which had no jurisdiction of his person. The same principlós are recognised and affirmed in the cases of Shumway v. Stillman, 4 Cowen, 292; Bissell v. Briggs, 9 Mass. 462; Harrod v. Barretto, 1 Hall 155; Starbuck v. Murray, 5 Wend. 148; Hall v. Williams, 6 Pick. 232; and Shumway v. Stillman, 6 Wend. 447. In the two cases last named, the rule is laid down, that where the record of a judgment of a court of general jurisdiction shows either that the defendant was personally served with process, or personally appeared to the action, then the record is conclusive, and the defendant is estopped by.it, from denying the jurisdiction of the court over his person. To the same effect is the decision of this court, in the case of Rust v. Frothingham, Breese 258. All of the authorities agree, that if the record fails to show affirmatively this mode of service on, or appearance by the defendant, it furnishes at most but prima facie proof of the jurisdiction of the court, and its authority to fender the judgment. Where the record shows neither service of process, nor notice to the defendant, nor appearance by him, the judgment is a nullity, when attempted to be enforced in another state, the record not affording even a presumption in favor of the jurisdiction. But if the record shows that there was a service of process, a notice to the defendant, or an appearance for him, not amounting, in either case, to personal notice or appearance, then the presumption from the record is, that the court had jurisdiction, and proceeded in con-[*542] formity to the laws of the state, and until such presumption is rebutted by the defendant, the judgment is conclusive. The laws of the several states provide different modes of bringing parties into court. In some states, personal service of process is required; while in other states that mode is not indispensable, but a party may be required to appear and defend an action, on notice by publication, or by the leaving of process at his residence. It is doubtless competent for each state to adopt its own regulations in this respect, which will be binding and obligatory to its own citizens. We cannot doubt the right or power of the state of Ohio, to provide that the kind of service, which it appears was made in this case, shall be sufficient to authorize its courts to take jurisdiction of the person of a defendant, and proceed to hear the case, and render judgment. A judgment thus rendered against one of its citizens would be binding and conclusive, on him, for owing allegiance to the state, he is bound by its laws, and amenable to its judicial tribunals. That state, however, cannot, in that way, get jurisdiction over the people of other states. Its laws can only operate within its own territory, and on its own citizens. They cannot be made to operate extra-territorially, or on the citizens of other states, unless they go voluntarily within its limits. In the present case, the record is not conclusive proof that the court in Ohio had jurisdiction of the person of the defendant. It is but prima fade evidence of the jurisdiction, and of the right of the court to render the judgment, and the defendant is at full liberty to controvert and contest both of these questions. If he can do this successfully, the plaintiff must abandon his action on the judgment, and resort to a suit on the original cause of action. The defendant may show, by way of defence, that at the time of the institution of the suit in Ohio, and until after the rendition of the judgment, he was not an inhabitant of that state, and therefore not within the jurisdiction of the court. If an inhabitant, he may show that by the laws of that state, the mode of service did not give the court jurisdiction of his person, or he may show that it had no jurisdiction of the subject matter of the action, or that the judgment was fraudulently obtained. The record produced by the plaintiff showed that there was service of process, and if the laws of Ohio authorized the kind of service, and the defendant at the time v/as an inhabitant of the state, he was bound to interpose his defence there, and omitting to do it, the judgment .there rendered is conclusive in this state. The presumption from the record is, that he was ^ citizen of Ohio; that the court had jurisdiction, and that its proceedings were in conformity with the laws of that state. In Shumway v. Stillman, 4 Cowen 292, the court says, that “Every presumption is in favor of the jurisdiction of the court; the record is prima facie evidence of it, and to be held conclusive, until clearly and explicitly disproved.” [*543] In Starbuck v. Murray, before referred to, a plea that the defendant, at the time of the commencement cf the suit, was, and ever since had been, an inhabitant of New York, and that during all of that time lie had not been in the state of Massachusetts where the judgment was rendered, was held to be bad, for the reason that he might have authorized the entry of his appearance, and in that way submitted his person to the jurisdiction of the court. In Harrod v. Barretto, before cited, the court says, that a plea denying the jurisdiction must negative every fact from which the jurisdiction may arise. 'There can be no doubt, therefore, that the record introduced by the plaintiff was sufficient evidence to sustain his action. If not contested by the defendant, it was conclusive. It appears that he did not attack it, with evidence, and the circuit court erred in not rendering judgment for the plaintiff. Its judgment is reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.- Judgment reversed.