Sutlirr, J.
The act for the limitation of actions in this state, at the time of the commencement of the action in the case presented by the record, was the act of February 18, *1831. It is provided by the first section of that act as follows:
“ That all actions hereinafter mentioned, shall be commenced within the several times hereinafter limited, after the cause of such action shall have accrued, and not after:
“1. Actions of ejectment, or any other action for the recovery of the title, or possession of lands, tenements, or hereditaments, within twenty-one years.
“ 2. Actions for forcible entry and detainer, or forcible detainer only, within two years. ,
“ 3. Actions upon the case, covenant, and debt, founded upon a specialty, or any agreement, contract, or promise in waiting, within fifteen years.
“4. Actions upon the case and debt founded upon any simple contract not in writing, and actions on the case for consequential damages, within six years.
“ 5. Actions of trespass upon property, real or personal; detainer, trover, and replevin, within four years.
“ 6. Actions of trespass for any injury done to the person ; actions of slander for words spoken, or for a libel; actions for malicious prosecutions, and for false imprisonment; actions against officers for malfeasance or non-feasance in-office, and actions of debt quitam within one year.
“ All other actions not herein enumerated, within four years after such right of action shall have accrued ; and that when any action for a forfeiture or penalty shall be given and limited by statute, such action shall be commenced within the time so limited.”
*29 The demurrer to the plea presented to the court the single question—what is the character of the debt evidenced by the transcript of a judgment rendered by a justice of the peace of the State of Indiana? If it be a debt “ founded upon a specialty, or any agreement, contract, or promise in writing,” the plaintiff was entitled to fifteen years; or if on a contract not in writing, then the plaintiff had *six years in which to bring his action, and the plea that it had not boon brought within four years was bad, and the demurrer to the plea should have been sustained; otherwise the plea was good, and the demurrer was rightfully overruled.
The debt as described in the petition, obviously is not one founded upon “ any agreement, contract, or promise in writing nor is it upon “ any simple contract not in writing.” Is it “ a debt founded upon a specialty?”
The judgment of a justice of the peace of another state, when not a court record, has been hold to be within the provision of the constitution, and the laws of Congress. For, although it be not a record strictly speaking, yet a judgment of a justice of the peace is a judicial proceeding to which the constitution requires full faith and credit to be given. Silver Lake Bank v. Harding, 5 Ohio, '546.
The debt founded upon the transcript of the judgment, should therefore be regarded in our courts as of the same character which the debt expressed by the judgment had in the State of Indiana. If the debt founded upon the judgment in that state may be regarded a debt upon a specialty, it must be so regarded here.
By the statute law of that state, justices of the peace in the State of Indiana, at the date of the judgment expressed by the transcript, were authoi’ized to hold courts for the trial of such actions, and to hear and determine the same according to law and right. The judgment in that state, although not that of a court of record in the same sense as the judgment of superior courts, is in its effect and character the same. The judgment, while in force, is as conclusive and final as is that of the judgment of the courts of record of that state.
Is such a judgment then in that state, when sued upon there, to be regarded as a specialty ?
The term specialty, in the strict and limited sense of the word, has been regarded as only applicable to a bond, bill, or such like instrument, a writing or deed under the hand *and seal of the parties. It was formerly regarded, in its strict acceptation, as only *30 comprehending these evidences of debt. And we are told by Littleton that these are looked upon as the next class of debts after those of record, being confirmed by the special evidence under seal. In like manner, Sir William Blackstone says: “Debts by specialty, or special contract are such whereby a sum of money becomes, or is acknowledged to be due by deed or instrument under seal.” And again he says: “ Debts by simple contract are such whore the contract upon which .the obligation arises is neither ascertained by matter of record, nor yet by deed or special instrument, but by mere oral evidence, the most simple of any, or by notes unsealed, which are capable of more easy proof, and (therefore only) better than a verbal promise.”
Now, it is evident that according to this strict meaning of the word specialty, as understood and used by Littleton and Blackstone, a debt evidenced by the transcript of a judgment rendered by a justice of the peace in Indiana would not be a debt upon a specialty. Nor can it bo classed with debts by simple contract in mating; and yet it is a debt of a higher order than one by simple contract.
Dr treating of the effect of a judgment as evidence of indebtedness; Blackstone states the law to be that, when one has obtained a judgment against another “ for a certain sum, and neglects to take out execution thereupon, he may afterward bring action of debt upon this judgment, and shall not be put upon the original cause of action; but upon showing the judgment once obtained, still in full force, and yet unsatisfied, the law implies that by the original contract of society, the defendant hath contracted a debt and is bound to pay it.” 3 Black. 160. Nor is this effect of such evidence at all qualified by the consideration that the court rendering such judgment, was not a court of record. The evidence is. in either case, of even a higher and more obligatory nature than that of a bond or deed ^executed by the party; much more is it of a superior obligatory nature to a simple contract.
It is only foreign judgments that arc to be regarded as simple contracts. The record of such a judgment, it is true, would not import absolute verity. An action of assumpsit instead of debt, might have been maintained upon the record of a foreign judgment, and it could not be regarded as a specialty.
But the judgment of a court in any other of the United States, is not to be regarded in our courts as a foreign judgment. Under the provision of the constitution and the act of Congress, such judg *31 meats and records must have “ fall faith and credit,” the same force and effect here which they have in the state where rendered.
It would then be singular, indeed, if the legislature of this state had, in the act for the limitation of actions, intended to put debts evidenced by final judgment of our courts, in a class inferior not only to debts by simple contract in writing, but even inferior to simple contract not in writing.
But debts on judgment in this state have never in fact been classed with debts by simple contract. An action of debt was the proper action upon a judgment as well as upon a bond, and that, too, whether rendered by a court in this state or in another state, and whether by a court of record or a court not of record. If it appeared that the court had jurisdiction of the parties, the record or transcript was respected as importing absolute verity. And nul tid record, and not nil debit, must bo pleaded. The maxim in law, that there can be no averment in pleading against the validity of a record, has always obtained in this state, as well in actions of debt upon transcripts of judgments of justices of the peace as upon exemplifications of records of judgments of courts of record. *No matter of defense has been suffered to be pleaded in such cases, existing anterior to the recovery of the judgment so sued upon. In no respect, indeed, has an indebtedness *upon a bond been entitled to higher respect than an indebtedness on judgment. Ñor ar’e there any reasons why a security by bond, should be denominated a specialty which would not seem to apply equally to the record of a judgment, in this state. It is said of a bond or obligation, that the reason of such a security being called a specialty is, “the debt being therein particularly •specified in writing, and the party’s seal acknowledging the debt or duty and confirming the contract, renders it a security of a higher nature than those entered into without the solemnity of a seal; and therefore, bonds or specialties shall be preferred to simple contracts in a course of administration.” Bacon, title, Obligation, A.
But, certainly, the debt is not particularly specified by the record of a judgment; nor is the ceremony of a seal of more solemnity or binding authority, than is a formal trial in a court of justice, and a final judgment pronounced and recorded therein upon the matter, between the parties.
There is, then, in fact, no reason why the term-specialty should *32 be applicable peculiarly to obligations and not to records of judgments.
It is true, the record before us does not show a judgment of a court of record within the provisions of the act of Congress. But while it is to be admitted that the transcript from the justice’s docket in the State of Indiana is not a record of judicial proceedings of the courts of that state, within the meaning of the act of Congress, it does not follow that when duly proved it is not hero to have the force and effect of a judgment. In this state a court of a justice of the peace is not a court of record within the act of Congress, and yet for many purposes we hold such courts to be courts of record. Anda justice’s court in the State of Indiana would seem to be of a similar character. Nul tiel record is a good plea in that state to the averment of a judgment of a justice of the peace. It is provided by the statute of that state, that “ every justice of the peace shall *keep a docket, in which he shall make a fair and accurate entry of all actions and suits instituted before him, with his proceedings thereon; and either party shall be furnished with a transcript thereof when demanded, on paying the lawful fee therefor.
In that state, as in this, a scire facias which only lies upon a record, issues upon a justice’s judgment, and uj)on the docket belonging to his office in the hands of his successor. A justice of the peace in that state, as in this, might fine and imprison. And it has been held by the Supreme Court of Indiana, as well as by the Supreme Court of Ohio, that for certain purposes and to a certain extent, the court of a justice of the peace is to be regarded a court of record. In the Supreme Court of each state, a judgment of a justice of the peace of its own state is held to be as conclusive upon the parties as is the judgment of the court of common pleas, or any other superior court of record. Hooker and others v. The State, on relation of Haynes and others, 7 Blackf. 372; Adm’r of Adair v. Adm’r of Rodgers, Wright, 428.
Is the judgment then, as expressed by the transcript set forth in the record before us, to be regarded a debt upon a specialty ?
It is certain, that while the term specialty, in the strict and early use of the word, was regarded as only applicable to bonds, deeds, or other instruments under seal, it afterward came to bo used in a much more comprehensive sense. The term specialty has long been used both in England and America in this more comprehensive sense, as embracing debts upon recognizances, *33 judgments and decrees, and (in England certainly) debts upon statutes. And we have no doubt that the word specialty, as used in our statute of limitations, was intended and does in fact comprehend as well judgments as sealed instruments.
In the ease of Hubbell, survivor, etc. v. Coudrey, 5 Johns. 132, it was held, it is true, by that court that a judgment rendered in the State of Connecticut, when sued upon *in the State of New York, was to be regarded as subject to a plea of the statute of limitations to actions of debt upon simple contract, and so barred in six years. The court maintained that a judgment was not a specialty. But that case was decided upon the authority of Dupleix v. DeRoven, 2 Vt. 540, and Walker v. Witter, Doug. 1, which had relation to foreign judgments. In the latter case, Lord Mansfield spoke of the action as being upon the record of a court in Jamaica; and that it was not that - sort of record to which implicit faith is given by the courts of Westminster Hall. He held “ that the plea of nul tiel record was improper in that case; that the judgment was only to be regarded as prima facie evidence of the debt.” That being so, the judgment was not a specialty, but only a simple contract debt; for assumpsit will not lie on a specialty. But the judgment rendered in the State of Connecticut, sued upon in the case of Hubbell v. Coudrey, by the provision of the constitution, and by the act of Congress for authenticating records, was entitled to the same faith and credit in that court that it was entitled to in a court of the State of Connecticut, where rendered. Yet in the state where rendered, the judgment imported absolute verity, and therefore it should have imported like verity in the courts of New York.
It was, however, decided by the same'court, at a latter date, that a judgment in the court of a justice of the peace of that state, being conclusive between the parties when sued upon, was to be regarded as a debt upon a specialty, and so not subject to the limitation of six years applicable to debts on simple contract. Pease v. Howard, 14 Johns. 479.
The case of the Cork and Bandon Railway Co. v. Goode, 73 Eng. Com. Law, 826, was an action of debt by the company against one of its members for calls upon railway shares. The declaration averred an indebtedness of £825 from the defendant to the plaintiffs, in respect of nine calls upon the shares of the defendant by virtue of the *“ company’s clause consolidation act,” 1845, etc. The defendant pleaded—action upon contract without spe *34 cialty, and that the alleged cause of action did not accrue within six years before suit brought. The plaintiffs demurred to the plea, on the ground that the statute of limitations refex’red to was not pleadable to the causes of action declared upon. It was insisted on the part of plaintiffs, that the action was brought upon a specialty. The defendant denied that such was the character of the indebtedness.
Jarvis, C. J., held the plea insufficient, and that the plaintiffs wex’e entitled to a judgment on the demurrer.
Maulé, J., in giving his opinion, says: “ It is a declaration in debt upon two statutes. Now a declaration in debt upon a statute is a declaration upon a specialty; and it is not less so because the facts which bxnng the defendants within the liability are facts dehors the statute: that must constantly arise in actions for liabilities arising out of statutes. That appearing to be so, the allegation in the plea, that the action is upon contracts without specialty, is a false allegation of a matter of law.” . . . . “ I think it manifestly appears that this, is an action of debt upon the statute, and, therefore, an action upon a specialty.”
The other judges, Cresswell and Talfourd, expressed similar ■opinions and concurred in the judgment.
But a record of a judgmexxt in force in England has always been ■regarded as importing absolute verity, and has long been regarded, .in the courts of that country, as a specialty; and we are clearly •of opinion that such a record of even the judgment of a justice’s .court in Ohio is to be so regarded.
In the case of -Todd v. Crumb, 5 McLean, 172, the question arose ,-as to the application of the Statute of limitations of this state to a Judgment. The suit was in that case brought upon a judgment ■rendered in the State of New York. The defendant, among other pleas, pleaded the limitation of four years, as in this case. The court in that *case expressed the opinion, that the record of ?a judgment of a court of record of the State of New York is not “ a specialty in the legal sense of that term.” But that court still :held, that the plea of four year's’ limitation to the action was bad. After expressing the opinion that the limitation of fifteen years provided for specialties, is not applicable to am action upoxx a judgrnxent, Judge McLean remarks as follows: “ Can the other provisions of the act apply—‘ all other actions not herein enumei’ated, .must be brought within four years after such right of action shall *35 have accrued?’ This evidently applies to a contract, written or parol, where the time of action accrues. This can not be said of a judgment strictly, as it has reduced the right of action to a judgment.” ......“ There being no provision of the statute,” he adds, “ it follows there is no limitation to an action brought upon it.”
The reasoning here does not seem to me strictly logical by which the judge arrives at the conclusion that no right of action has accrued upon a jungment of another state.
It is not easy to perceive any difference as to a right of action accruing in the two cases, where one debtor in another state gives his creditor a bond acknowledging an indebtedness, and the case of another debtor suffering a judgment by confession for the like amount. Both are debts due in presentí, at the same date. The creditor being under necessity to follow his debtors into this state to make collection, the evidence of indebtedness would here be a bond in one case acknowledging an indebtedness in another state, and an exemplification of record proving a judgment showing that the other debtor was at the same time indebted in the other state in a like sum. The exemplification of the record could no more be termed a judgment in this state than could the bond. Each would alike only be evidence of a cause of action in this state. But it can no more be said of one of the evidences of indebtedness than of the other, that no right of action is shown thereby to have accrued. The right of action accrued, *in the one case, on delivery of the bond acknowledging the indebtedness. In the other case, the right of action accrued at the same date upon the court adjudging a like indebtedness.
Again: if it be said that no right of action has in fact accrued to the plaintiff upon his exemplification of the record of a judgment in anoter state, it would seem that an action could not be supported upon it in this state. Otherwise the legal solecism would follow that a plaintiff might support an action of debt against the defendant, when no right of action had, in fact, accrued to him in the case.
This court, however, rests its opinion in the case before us upon the conclusion arrived at, that a judgment of a court of another state is, in the legal and reasonably comprehensive sense of the term, to be regarded in this state as a debt upon a specialty. And such a judgment, when sued upon in this state, is not subject to a *36 plea of the statute of limitations of four years, whether the judgment be that of a court of record or of a court not of record.
"We are clearly of opinion that the district court erred in affirming the judgment of the common pleas in overruling the demurrer of the plaintiff to the plea of the defendant; and for this cause the judgment of that court is reversed, and the judgment of the court of common pleas is also reversed; and the case is remanded to the court of common pleas for further proceedings.

Judgment accordingly.

Brinkerhoee, C. J., and Scott, Peck, and Gholson, JJ., concurred.