## CLARENCE L. BARBER vs. THE INTERNATIONAL COMPANY OF MEXICO.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Claims against a company in the hands of a receiver must be submitted to the court in which the receivership proceedings are pending, for its approval, before their payment can be ordered. If the receiver personally has a large claim, the court may well hear his motion for an order approving and confirming it, before any assets have been collected for its payment.

A domestic judgment is neither a "contract under seal" nor "an implied contract," within the meaning of our statutes of limitation (§§ 1370, 1371) requiring actions to be brought thereon within seventeen and six years, respectively.

A judgment of the Circuit Court of the United States, although for a district other than Connecticut, stands, in respect to its proof and essential nature, in the courts of this State, on the same footing as if it were a domestic judgment.

The common-law rule, of a *prima facie* presumption of payment after twenty years, is the only limitation of time to the collection of a domestic judgment, or one of a Circuit Court of the United States, which is recognized in this State.

A judgment appointing a receiver never terminates the cause. It remains the duty of the court to make such further orders as may be necessary to accomplish the purposes of the receivership and settle the rights of all parties in and to the property.

It is erroneous to empower a receiver to employ counsel to represent the company for which he is receiver, in suits against it in which he may be plaintiff. The plaintiff can never dictate the defense.

The plaintiff, a judgment creditor of the defendant company, having been appointed its receiver, presented his judgment as a claim against it, and moved for an order allowing and confirming his claim. The order as passed recited the due presentation of the claim and its nature, and that the amount of such judgment with interest thereon, less certain offsets or discounts, was a valid claim against the defendant. *Held* that the order was not a new money-judgment, but merely settled, for the purposes of the cause, the validity and amount of the plaintiff's claim, without merging or changing in any way the character of the judgment upon which it rested.

Submitted on briefs January 8th, reargued March 18th, decided April 18th, 1902.

APPEAL from an order of the Superior Court (*Roraback, J.*) in a receivership suit, confirming a claim of the plaintiff for $121,000, evidenced by a judgment of the United States Circuit Court for the Southern District of California, and authorizing the receiver to bring and maintain actions in the courts of Great Britain necessary to secure and collect said claim. *Error in form of order only.*

This is the action reported in 73 Conn. 587. The original judgment of June 22d, 1900, is sufficiently stated on page 604 of that volume.

Within four months from its date, the plaintiff presented to himself, as receiver, his individual claim as assignee of the California judgment, and afterwards filed a detailed statement of it in court, and moved for its confirmation as a valid claim. The defendant thereupon filed a paper styled an answer, setting forth (1) that the claim "did not accrue within six years next before" such presentation, and (2) denying "the facts set up in the claim."

The plaintiff also moved for an order "that the receiver, in bringing suit against the Mexican Land and Colonization Company, Limited, as heretofore authorized by the judgment and order of this court, may commence such suit either in his own name as receiver or in the name of the International Company of Mexico, as he may deem best, and to employ counsel to represent the American Company, the above defendant, before the High Court of Justice, England."

After hearing the parties on these motions and on a de-

murrer to the defense of the statute of limitations, which was overruled, the order appealed from was made. The material parts of it are as follows : "It is ordered that the said Clarence L. Barber, receiver, is hereby authorized and empowered to bring and maintain all actions and suits in any of the courts of the United Kingdom of Great Britain and Ireland in his name as receiver, or in the name of the International Company of Mexico, or otherwise, necessary to secure and collect a certain judgment rendered against said International Company of Mexico in the Circuit Court of the United States in and for the Southern District of California in the Ninth Judicial Circuit November 29th, 1892, in favor of one Frank E. Bates, which was afterwards assigned and transferred to the said Barber. This authority shall extend to any suit or suits now pending or that may hereafter be commenced in said courts of Great Britain. In all such suits said Clarence L. Barber, receiver, may employ solicitors and counsel to represent himself as such receiver, and also to represent and act for the said International Company of Mexico when it is either plaintiff or defendant in any suits brought to collect said judgment, or to enforce any of the rights of the International Company of Mexico against the Mexican Colonization Company, limited ; " and " it is adjudged that said plaintiff at the date of the commencement of this action, to wit, September 26th, 1895, had a good, valid, and subsisting claim against said International Company of Mexico on account of said judgment for the sum of $121,282, and interest thereon at the rate of six per cent. per annum from November 29th, 1892. And it is further ordered that the amount due on said judgment is subject to a deduction as a payment thereon on account of said due bill of the sum of $841.25, and interest thereon at the rate of eight per cent. per annum from January 18th, 1892. And it is further adjudged that there is due said the International Company of Mexico from said plaintiff on account of said costs taxed against him in said High Court of Justice, and the order and judgment entered thereon, the sum of $1,520 and interest thereon at the rate of six per cent. per annum from Decem-

ber 20th, 1899, which is hereby set off against the amount due on said judgment owned by him and directed to be deducted therefrom. And it is further adjudged that no payments have been made on said judgment owned by the plaintiff, except said balance of due bill of $841.25 with interest from January 18th, 1892, at eight per cent., and the amount of said bill of costs being $1,520, with interest at six per cent., from December 20th, 1899, and the plaintiff is entitled to receive the amount of said judgment with interest computed at six per cent. per annum from the date thereof, subject to the deductions aforesaid."

*Edward D. Robbins, George A. Kellogg* and (on the reargument) *Andrew J. Broughel, Jr.*, for the appellant (defendant).

*Charles E. Perkins* and *Lewis E. Stanton*, for the appellee (plaintiff).

BALDWIN, J. All claims presented against a company which is in the hands of a receiver, must be submitted to the court in which the receivership proceedings are pending, for its approval, before any payment upon them from its assets can be ordered. The stage of the cause at which all or any of them shall be submitted is to be determined by the court. In view of the fact that the receiver of the defendant company held so large a claim against it, it was fully within the discretion of the Superior Court to hear his motion for an order of approval or confirmation before any assets had been collected which could be applicable to its payment.

It is contended that the claim was barred by the statute of limitations (General Statutes, § 1371), which provides that no action on any simple or implied contract shall be brought but within six years next after the right of action shall accrue.

We have no occasion to inquire whether the obligation arising from a foreign judgment, or one of a sister State of the United States, could be regarded as resting on a simple or implied contract. See *Hubbell* v. *Coudrey*, 5 Johns. 132;

*Andrews* v. *Montgomery*, 19 id. 162; *Little* v. *McVey* (N. J.), 47 Atl. Rep. 61. The courts of the United States and those of the States are courts of the same country. *Claflin* v. *Houseman*, 93 U. S. 130, 137. A judgment of the Circuit Court of the United States for the southern district of California, stands in respect to its proof and also to its essential nature, in any court of Connecticut, on the same footing as if it had been rendered by another court of this State. *Adams* v. *Way*, 33 Conn. 419, 429; *Turnbull* v. *Payson*, 95 U. S. 418, 424; *Morgan* v. *New York National B. & L. Assn.*, 73 Conn. 151, 154.

A domestic judgment is a contract of record. It is the highest form of obligation. In one sense, it may be termed a contract by specialty. 1 Parsons on Contracts, *7; *Walker* v. *Powers*, 104 U. S. 245, 248. In another, it may be regarded as raising an implied contract. *Denison* v. *Williams*, 4 Conn. 402, 403. But it is neither a contract under seal nor an implied contract, within the meaning of our statutes of limitation. General Statutes, §§ 1370, 1371. Such statutes rest on two grounds: the improbability that one having a valid demand against another will delay long to enforce it by suit; and the injurious consequences of such a delay, flowing from natural lapses of memory and loss of evidence. But there is seldom any reason why one who has put a claim into a domestic judgment should proceed otherwise than by execution; and never any danger that, should no suit be brought upon it, the judgment debtor may be prejudiced by loss of evidence as to the merits of the original demand. The rule of the common law, therefore, by which a *prima facie* presumption of payment arises after twenty years, presents the only limitation of time to the collection of a domestic judgment which is recognized in this State. *Boardman* v. *De Forest*, 5 Conn. 1, 8.

The California judgment was rendered in 1892, and irrespective of the effect, if any, of the bringing of the present action in 1895, no presumption of payment had arisen when the defendant filed its answer in 1901.

It is assigned for error that the order appealed from is a

further judgment rendered after a final judgment. A judgment appointing a receiver never terminates a cause. It remains the duty of the court to supervise and direct his conduct as receiver, and to make whatever orders may be necessary from time to time to settle the rights of all parties claiming an interest in the estate; and any such order, if final in its nature, as to the particular parties and matters affected by it, may be the subject of a separate appeal. *Links* v. *Conn. River Banking Co.*, 66 Conn. 277, 283.

The judgment appointing the plaintiff receiver did not specifically authorize him to bring suit at his option either in his own name as receiver or in that of the defendant, nor to employ counsel to represent the defendant, before the English courts, nor to bring any suit to collect the Circuit Court judgment. It was within the power of the Superior Court, by a supplementary order, to authorize any such forms of proceeding, so far as they might be necessary to accomplish the purposes of the receivership. It is not impossible that a suit on the judgment in the name of the plaintiff as assignee may, under the rules of English law, be deemed requisite as a step towards enforcing the obligation of the contract between the defendant and the Mexican Land and Colonization Company, Limited, in favor of the defendant's creditors. In such case he could as properly sue in his own name as, if the judgment had never been assigned to him, he could have sued, with the consent of Bates and by permission of the court, in the name of Bates.

The order now in question, however, went beyond this. It authorized him to bring suits to collect the judgment, in his name as receiver, or in that of the defendant, "or otherwise," and to maintain any such suits then pending, and to employ counsel to represent the defendant, if a party to any such suit, either as plaintiff or defendant. It was an error to empower the receiver, in a suit in which he might be a plaintiff and the company of which he is such receiver a defendant, to employ counsel to represent the company. There could be no object in any such proceeding for making the company a defendant, except to support an adjudication af-

fecting its rights ; and when thus brought in as a party, it must, like every other defendant in a court of justice, be accorded an opportunity to be heard and fairly heard. *McVeigh* v. *United States*, 11 Wall. 259, 267. A defense to be dictated by the plaintiff in the cause is no defense.

There is nothing in the objection that the order appealed from is a money judgment in favor of the plaintiff, although his complaint asked for no such relief and laid no foundation for it. It is simply what it is entitled, an " Order upon motion for permission to the receiver to bring suits and other acts, and confirming the claim of Clarence L. Barber." It settled, for the purposes of the cause, the validity and amount of this claim, but did not change its character or merge the judgment upon which it rested.

There is error only in the form of the order in the particular above stated, and the cause is remanded to the Superior Court for the correction of the order, so that it shall not purport to empower the plaintiff to control the course of the defendant in any suit in which he may appear, either individually or as receiver, as an adverse party to it.

In this opinion TORRANCE, C. J., HALL and PRENTICE, Js., concurred.

HAMERSLEY, J. (concurring in result). I concur in the results reached by the court, in the propositions involved in those results and upon which they rest, as appears in the opinion, and in the mandate to the Superior Court, so far as it goes, but I think it should go farther.

The order appealed from contains two distinct and independent orders, made in response to separate and independent motions, as appears in the statement of facts.

The first grants permission to the receiver to exercise his discretion in bringing suits, and in the manner of bringing suits as authorized by the judgment of June 22d, 1900 ; this appears in the first three sentences of the order.

The second confirms the claim of Clarence L. Barber, presented to the receiver in pursuance of the order limiting the

time for presentation of claims, and allowed by the receiver; this appears in the remaining portion of the order.

The main ground of appeal is that each order is in fact a further judgment rendered after a final judgment.

The judgment of June 22d found the material issues raised by the pleadings in favor of the plaintiff, and thereupon granted the relief demanded in the prayer for relief. There is, and can be, no contention but that this judgment, as affirmed by this court (73 Conn. 587), is final between the parties to the complaint, and cannot be amended by a further judgment between the parties, in respect to the allegations of the complaint and the relief demanded. It is equally clear that the judgment does not terminate the cause; it remains the duty of the court to administer the relief granted, by supervising the conduct of the receiver and making such orders as may be necessary to settle the rights of all parties to the receivership proceedings.

The relief demanded and granted was the appointment of a receiver to receive and collect debts due the defendant, and other property belonging to it, and to enforce rights belonging to it; and for such purposes to maintain suits in any jurisdiction, which may be necessary to obtain payment of said debts or enforcement of said rights, and especially to bring such suits in England, in order to enforce against the English company the contract of May 4th, 1889, made between that company and the defendant. The equity in the plaintiff enforceable against the defendant, held to support the judgment, and the nature and extent of the relief granted by that judgment for the purpose of enforcing such equity, appear in the record of the former appeal; it is also included in the record now before us, and in the opinion announcing our affirmance of the final judgment.

The first order now appealed from purports to give special authority to the receiver to bring suits in the English courts, and a wide discretion as to his mode of procedure. Such permission of course applies to suits authorized by the judgment of June 22d, 1900, as stated in the motion asking for permission; that is, to suits necessary for the purposes of

the receivership established by the judgment. Whether or not there is necessity for this special permission is a question not before us; such permission is clearly not a judgment, nor is it an order settling any rights of parties to the receivership proceedings.

But this order goes farther. It purports to give the receiver, and possibly the plaintiff, authority to make the defendant corporation a defendant in suits he may bring against it, and authority to enter an appearance for it and to dictate its defense. Such authority plainly gives relief not authorized by the final judgment, and is not only inconsistent with that judgment but inconsistent with principles that limit all judicial action. Whether regarded as an order, or as a further judgment after a final judgment, it is invalid.

The second order is in legal effect a mere confirmation of a creditor's claim allowed by the receiver. However inappropriate its language may be, its legal effect is certain. It is not an adjudication between Barber and the company as plaintiff and defendant in the action, in respect to the allegations of the complaint, but is simply a determination upon motion of the receiver in respect to a creditor's claim filed with the receiver in pursuance of the order limiting the time for presentation of claims, settling, for the purposes of the receivership proceedings and distribution of assets, the validity and amount of the claim. It is not a money judgment against the defendant, nor is it a further judgment rendered after a final judgment.

We hold that a portion of the order is invalid, because it attempts to add, to the relief granted, further relief inconsistent with the final judgment and obnoxious to settled principles of law.

We hold that other portions of the order are not invalid, because they are not inconsistent with, and do not add to, the relief granted by the final judgment; because they are merely discretionary orders in the administration of that relief for the purposes of the receivership as defined by the judgment.

It is therefore proper that the order should be remanded

not only for the excision of that part which is invalid, but also for the correction of the remainder, whose validity depends on our construction of the language in which it is expressed, so that the language may clearly conform to the true meaning and legal effect of the order as determined by our decision. The claim that we have no control over the language of the order, under such circumstances, seems to me unfounded.

It is suggested that having determined the meaning of the order upon the language used, the correction of that language so as to conform to the meaning given it, is unnecessary; and that the language used, in view of our construction, can do no harm. Probably this is true ; certainly it can do no good.

The record shows no reason for the use of such peculiar phraseology, and no reason was advanced in argument except the statement of plaintiff's counsel, that it was dictated by the plaintiff's English counsel in litigation pending in England between the plaintiff and the English company.

It is undoubtedly true that the order is not made for home consumption. There is nothing in this jurisdiction upon which it can operate, and it can have no force elsewhere except that which may be given it by a foreign court. There seems all the more reason therefore for exactness in framing the order. In such case harmlessness can hardly be affirmed of language which requires judicial construction to impress upon it a meaning necessary to support the validity of the order.

The order should be remanded to the Superior Court for correction of the error in substance, and that the language of the remaining portion may be reformed so as to clearly express the true meaning and legal effect of the order as settled by the decision and opinion of the court.