The defendant has appealed from the denial of his motion to terminate and vacate an order for the support of a child whose paternity he had acknowledged in writing on May 1, 1975, his fatherhood having been previously affirmed by the *Page 892 
mother in accordance with General Statutes 46b-172.[1]
The acknowledgment of paternity was filed in court on June 11, 1975, giving it the "same force and effect as a judgment of that court" under the terms of that statute. On August 25, 1978,[2] the defendant was given written notice by the state the pleadings in the record, and are not disputed. *Page 893 
department of social services of the amount of his support obligation for the child in accordance with General Statutes 17-82e.[3] He made child support payments to the state in the total sum of $607.59 during 1978. It does not appear from the record before us that any court has yet issued an order of support against the defendant. The defendant, nevertheless, following the rendition by the federal District Court of its decision in Stone v. Maher, Docket 6-18-81 No. 77-269 (D. Conn., March 24, 1980), filed a motion "to terminate and vacate all parental obligations, support orders, arrearages and agreements."[4] *Page 894 
In Stone it was held (1) that the provisions of General Statutes 46b-172 are unconstitutional which prevent a putative father who has signed an acknowledgment of paternity from litigating that issue in a proceeding to determine his child support obligations, and (2) that the invalidity of those provisions would not automatically affect the paternity status or support obligations of persons who had previously acknowledged paternity but would permit them to contest the issue of paternity for the first time in a judicial proceeding "by seeking a modification in state court of prior support orders or agreements." The trial court denied the defendant's motion upon the ground that the Stone decision, which was filed on March 24, 1980, should not be given retroactive effect and, therefore, it was inapplicable to the defendant who had signed the acknowledgment in question almost five years earlier.
The state concedes that the defendant was a member of the plaintiff class in Stone, the named plaintiff in that action having been authorized to represent all those who had signed "written statements to the effect that they are fathers of illegitimate children" where such persons or the mothers of the children reside in Connecticut.[5]
In that litigation the state was represented by the commissioners of social services and administrative services as parties-defendant.
To hold that the defendant may be denied relief upon the ground of nonretroactivity would deprive him of the benefits of the federal court decision to which he, as a member of the defined class, is as fully entitled as the named plaintiff in that case. A federal court judgment can be given no less force than that of a court of this state. Barber v. International Co.,74 Conn. 652, 656, 51 A. 857 (1902). The result reached *Page 895 
by the trial court is precluded by principles of res judicata and collateral estoppel, aside from the deference usually accorded to federal court decisions as precedent in federal constitutional matters. State v. Surowiecki, 184 Conn. 95, 99
n. 1, 439 A.2d 918 (1981) (Shea, J. dissenting); Slattery v. Maykut, 176 Conn. 147, 157,405 A.2d 76 (1978).
In Stone the federal court referred to General Statutes 46b-174, which permits a court to modify or vacate prior paternity orders and support agreements, and stated that the petitioner in such action "should be permitted to assert his nonpaternity as a basis for modifying or vacating a prior support order or agreement," unless the paternity issue had previously been litigated and judicially determined. This court has indicated that an opportunity to contest the paternity issue is also available under General Statutes 17-324, which provides for modification or setting aside of support orders, and, in light of the invalidity of contrary statutory provisions as held in Stone, nonpaternity may be properly raised as a defense in a proceeding for an order of payments. See General Statutes 17-82e, 17-324, 46b-172. The state, nevertheless, maintains that the proper procedure to be followed for persons in the situation of the defendant is to bring a petition for a new trial in accordance with General Statutes 52-270. In State v. Lombardo, Appellate Session of the Superior Court, Docket No. 673 (1980), we concluded that a petition for new trial was an appropriate remedy under the circumstances of that case, where the motion of the putative father seeking to contest paternity, which was treated as a petition for a new trial, had been filed within the three-year period allowed by the applicable statute of limitations, General Statutes52-582. The defendant's acknowledgment of paternity was filed in 1975, almost five years before Stone, and at the time of that decision a petition for new trial was not available to him or to other members *Page 896 
of his class in that action, including the named plaintiff therein. We do not believe that the defendant can thus be deprived of the opportunity to contest the paternity issue which he won in the federal court.[6]
The question remains whether the procedure employed by the defendant to implement his victory was proper. As we have noted, the record does not disclose that any enforcement proceeding to obtain a judicial order of payments has ever been instituted against the defendant, the only court record of the matter being the filing of the acknowledgment of paternity in the clerk's office previous to the defendant's motion. Unlike the named petitioner in Stone v. Maher, the defendant has not proved the existence of any court order applicable to him. His motion to "terminate and vacate all parental obligations, support orders, arrearages and agreements," was wholly inappropriate, since the power of the court to modify or vacate must necessarily be limited to judicial actions previously taken. It was also incumbent upon the defendant to seek modification and joinder of the mother and the child who had an interest in the matter. State v. Bashura, 37 Conn. Sup. 745,436 A.2d 785 (1981); State v. Lombardo, supra; Stone v. Maher, supra, n. 9. The defendant's motion cannot be treated as an action seeking equitable or other relief with respect to the signed acknowledgment of paternity which had been filed, because no process was ever served as required. General, Statutes 52-50. We conclude, therefore, that the motion was properly denied because of the failure of the defendant to follow some orthodox procedure in asserting his non-paternity status. Although we do not agree with the basis for the denial of his motion by the trial court, we *Page 897 
affirm the judgment upon the procedural grounds stated. Carlson v. Kozlowski, 172 Conn. 263, 265,374 A.2d 207 (1977).
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.