ASTRID E. P. WEIL *v.* HANS R. POULSEN

BALDWIN, O'SULLIVAN, WYNNE, ALCORN and SHEA, Js.

214

Argued February 1—decided March 22, 1955

*Ufa E. Guthrie,* with whom, on the brief, was *Nathan Aaron,* for the appellant (plaintiff).

*Hans R. Poulsen,* pro se, the appellee (defendant).

WYNNE, J. In this action the plaintiff seeks an injunction requiring the defendant to make payments due upon a separation agreement. The parties executed the agreement under seal on August 23, 1923. The following is a summary of the facts found. The parties were married in Denmark in 1910. They came to the United States and established a residence in Brooklyn. The 1923 agreement provided that the defendant would pay certain weekly instalments to the plaintiff during her life. In May, 1924, the parties filed a petition with the king of Denmark asking for a divorce. Before that

petition was acted upon, the defendant was requested by the proper authorities in Denmark to submit translations into Danish of the separation agreement, which had been sent with the petition for divorce. The defendant prepared a translation of the substance of the agreement, but for the provision that the payments would be made during the plaintiff's life he substituted a direction that they would be made until the plaintiff remarried. The translation was signed by both parties and forwarded to Denmark. Thereafter, on February 3, 1925, the king of Denmark granted a divorce to the parties on the ground of the defendant's infidelity. The plaintiff understood and could read Danish but claims that she did not know that the defendant had made the change as stated above. The plaintiff married Eric Weil on November 2, 1925. The defendant married his present wife on April 24, 1926. The plaintiff's second husband divorced her in Reno in 1931.

In 1934 the plaintiff brought suit against the defendant, who was then living in Connecticut with his second wife. That suit was based upon the separation agreement. The issue presented was whether the defendant had agreed to make payments to his former wife during her life or whether the change appearing in the translation had reduced the period of his liability to that before her remarriage. A judgment was rendered in favor of the plaintiff for $12,285 in 1935. It was upheld in this court. *Weil* v. *Poulsen,* 121 Conn. 281, 184 A. 580. This court held that the separation agreement which had been entered into in New York was in force and effect according to its terms. The plaintiff has never been able to collect on the judgment.

In the case at bar the trial court concluded that

the prior action between the parties had determined the plaintiff's rights and that any claim for equitable relief was now res adjudicata. It also ruled that whether a mandatory injunction should issue to require the payment of a money judgment lies within the sound discretion of the trial court. The controlling conclusion reached was that, under all the circumstances, including the defendant's age, his health and his apparent lack of earning capacity and property, an injunction should not issue.

The plaintiff claims that the terms of the separation agreement entered into the divorce decree and that the payments provided for in the agreement are in the nature of alimony and can be enforced by contempt proceedings. It has been determined, however, that the plaintiff's rights under the separation agreement are contractual. *Weil* v. *Poulsen,* supra, 289. The present action is based in part on the judgment obtained in the earlier action. In that earlier action only a judgment for damages was rendered. The plaintiff must rely, as she did in her first action, on the legal aspect of the separation agreement.

A prayer for an injunction is addressed to the sound discretion of the court. *Point O'Woods Assn., Inc.* v. *Busher,* 117 Conn. 247, 250, 167 A. 546. We can review the ruling of the trial court only to determine whether its decision was based upon some erroneous statement of law or its discretion was abused. *Crowell* v. *Palmer,* 134 Conn. 502, 512, 58 A.2d 729. Even if we were to assume that a judgment for money damages can be enforced by injunction under extraordinary circumstances, we cannot say that the trial court abused its discretion in refusing such relief under the circumstances present in the case at bar.

The plaintiff relies largely on the case of *German* v. *German*, 122 Conn. 155, 188 A. 429. That case holds that an award of alimony in a decree of divorce entered in New York is essentially equitable in nature and that equitable remedies may be invoked in the courts of this state to enforce the award here. This principle has no application to the enforcement of a judgment which, like the one relied upon in the instant case, was rendered in an action at law for damages.

The trial court's conclusion that the plaintiff was guilty of laches in failing to take prompter action to enforce her judgment is also assigned as error. It is true that at common law an action on a judgment may be maintained at any time within twenty years from the date of the judgment. *Barber* v. *International Co.*, 74 Conn. 652, 656, 51 A. 857. The court's conclusion of laches, however, was directed primarily at the claim for injunctive relief. A conclusion that a delay of nearly fifteen years in asking for this type of relief constituted laches is not unreasonable, and therefore it is not erroneous.

The plaintiff's complaint sought money damages in addition to other forms of relief. The trial court's failure to render a judgment for money damages is assigned as error. Only in this failure do we find error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover the amount due under the separation agreement in suit with interest.

In this opinion the other judges concurred.