CITY OF WATERBURY *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 9, 1970—decided January 7, 1971

*F. Michael Ahern,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *David B. Beizer,* assistant attorney general, for the appellants (defendants).

*John F. Phelan,* assistant corporation counsel, with whom, on the brief, was *Edward F. Bradley,* for the appellee (plaintiff).

ALCORN, C. J. The city of Waterbury brought this action against the commission on human rights and opportunities, an administrative agency of the state, the commission's director, and three of the commission's hearing examiners.

In its complaint, the plaintiff sought temporary and permanent injunctions to prevent the defend-

ants from proceeding with a hearing pursuant to General Statutes § 53-36 on a complaint filed by an individual claiming that the Waterbury police department had violated § 53-34 of the General Statutes. The court granted a permanent injunction on the ground that § 53-36 did not permit the defendant commission to hold a hearing on a complaint filed by an individual alleging a violation of § 53-34. The defendant has appealed, assigning error in the court's conclusion that an injunction should issue and also in the court's denial of a motion made by the defendants to dismiss the plaintiff's complaint for failure to join, as a necessary party, the individual who had made the complaint on which the defendant commission purported to act.

The case is presented on an unorthodox and unsatisfactory record. The case was heard by the court subsequent to the return day, although no answer had been filed by the defendants. A memorandum of decision appears in the record but there is no finding. Consequently, the only question before us is whether error appears on the face of the record. Maltbie, Conn. App. Proc., p. 155. The transcript of testimony cannot take the place of a finding because we are without power to find facts. Id., p. 156. We may, however, refer to the memorandum of decision in order to learn the basis for the court's decision. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 506, 242 A.2d 705. There we find that the court not only considered the intent of § 53-36 but, as bearing on the issue before it, stated "[i]t certainly would be a gross abuse of the Commission's authority to carry out its announced intention 'to restructure' the Police Department of the plaintiff, City of Waterbury."

Section 53-36 of the General Statutes, under which

the defendants are assuming to proceed with a hearing, provides that "[i]n addition to the penalties provided for violation of sections 53-34, 53-35 and 53-35a, any person claiming to be aggrieved by a violation of any such section may, by himself or his attorney, make, sign and file with the commission on human rights and opportunities a complaint in writing under oath which shall state the circumstances of such violation and the particulars thereof and shall contain such other information as may be required by the commission. In addition, the commission, whenever it has reason to believe that section 53-35 or section 53-35a has been or is being violated, may issue a complaint. The commission may thereupon proceed upon such complaint in the same manner and with the same powers as provided in chapter 563 in the case of unfair employment practices, and the provisions of said chapter as to the powers, duties and rights of the commission, . . . shall apply to any proceeding under the provisions of this section." Section 53-34 of the General Statutes provides that "[a]ny person who subjects, or causes to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of alienage, color or race" shall be fined or imprisoned. A complaint was filed with the defendant commission pursuant to § 53-36 on January 20, 1968, by Roland O. Miller against the Waterbury police department charging the department with violating his § 53-34 rights. The Miller complaint was annexed as exhibit A to the plaintiff's complaint in the present injunction action.

The plaintiff's complaint in the injunction action recites that the defendant commission directed a

notice of a public hearing, with the Miller complaint attached, to the Waterbury police department. How the notice of hearing came to the attention of the Waterbury police department is not alleged and does not appear. The plaintiff's complaint alleges, however, that on April 29, 1969, the defendant Arthur L. Green, the commission's director, notified the Waterbury corporation counsel that the hearing set for April 29 was "rescheduled" to May 13 and that, on the latter date, the defendants who composed the hearing tribunal commenced a public hearing. It is alleged that the city objected to the jurisdiction of the tribunal to conduct the hearing and the objection was overruled by the hearing tribunal which proceeded to hear testimony. At a further hearing on May 20, the plaintiff requested a continuance pending a judicial determination of the issue of jurisdiction which also was denied and the hearing continued. Prior to the scheduled date of a further hearing, the present injunction action was brought.

A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. *Weil* v. *Poulsen,* 142 Conn. 213, 216, 112 A.2d 890. It is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner. *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 523, 134 A.2d 351. It cannot modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power. *South East Property Owners & Residents Assn.* v. *City Plan Commission,* 156 Conn. 587, 590, 244 A.2d 394; *Finn* v. *Planning*

*& Zoning Commission,* 156 Conn. 540, 546, 244 A.2d 391; *State ex rel. Huntington* v. *McNulty,* 151 Conn. 447, 449, 199 A.2d 5. When authority to commence a proceeding is conferred by statute and the manner of proceeding is prescribed, the prescribed procedure is mandatory and must be strictly complied with when a matter of substance is involved. *Broadriver, Inc.* v. *Stamford,* 158 Conn. 522, 529, 265 A.2d 75; *Beach* v. *Trumbull,* 133 Conn. 282, 289, 50 A.2d 765; *Scoville* v. *Columbia,* 86 Conn. 568, 570, 86 A. 85. The allegations of the plaintiff's complaint in which it sought injunctive relief show a purpose to have the court determine whether, in doing what they did, the defendants had jurisdiction to act at all, and under these circumstances equity was empowered to act. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552. Injunctive relief properly lies against threatened legal action when the rights of a party are clear and full legal relief is not available to him. *Brainard* v. *West Hartford,* 140 Conn. 631, 635, 103 A.2d 135; *Clover* v. *Urban,* 108 Conn. 13, 18, 142 A. 389. The plaintiff alleges, in substance, that if the defendants in this case are permitted to proceed with the contemplated hearing, irreparable injury will be done to the plaintiff through unfavorable publicity, public opprobrium, and other matters detrimental to its municipal standing and authority. Results of the sort described could not be obviated by resort to an appeal from such action as the commission might take following the threatened hearing.

The defendants claim that the court erred in deciding that they had no authority under § 53-36 to hold a public hearing "on a complaint filed by an individual alleging a violation of Section 53-34." The question which the record in this case presents

is not the defendants' right to hold *a* hearing upon *a* complaint filed by *a* complainant. The question before us is the defendants' right to hold a hearing on *this* complaint against *this* plaintiff. We do not reach the question of whether the defendants had authority under § 53-36 to hold a public hearing on a complaint filed by an individual alleging a violation of § 53-34 upon the record in this case because of the deficiency in the complaint upon which the defendant commission proposed to hold a hearing and the subsequent action of the commission. Even if it be assumed that the commission could, under § 53-36, hold a hearing on a complaint for a violation of § 53-34 filed by an individual, a point which we do not decide, it is obvious that the complaint must be a sufficient one and that the statutory steps required to be taken by the commission on receipt of the complaint must be followed.

The complaint filed by Miller against the Waterbury police department is deficient, in the first place, because it contains no allegation whatever which could form a reasonable basis for charging that the Waterbury police department had violated § 53-34 by subjecting him to the deprivation of any rights, privileges or immunities secured or protected by the state or federal constitution on account of alienage, color or race. On the contrary, the complaint, which is set forth in full in the footnote,[1] merely recites

---

[1] "Complaint of Violation of Section (53-34) In accordance with the provisions of Section 53-36 of the Conn. G.S., Rev. 1958, as amended, I Roland Olander Miller residing at 41 Rawley Street, Waterbury complain to the Commission on Human Rights and Opportunities and say that Police Department – City of Waterbury residing at Grant Street, Waterbury has and is violating Section (53-34) of the Conn. G.S., Rev. 1958, as amended.

"On or about January 14, 1968, I was forced to enter a police cruiser, at about 3:A.M. I was taken to an alley where one officer

that the complainant had been subjected to an assault and battery by two police officers, and there is no allegation that the police department of the city of Waterbury initiated, advised, participated in, instigated, approved or tolerated the conduct of the officers which was complained of, nor is there any assertion of the constitutionally protected right, privilege or immunity of which Miller claimed to have been deprived by the conduct of the officers. As far as the police officers were concerned, Miller, of course, had available to him the rights available to any citizen to turn to the criminal courts for action under § 53-34, or to the civil courts for a recovery of damages, or both.

In the second place, the record fails to disclose that the commission had proceeded in compliance with its statutory authority. As already stated, § 53-36 directed the commission to proceed on a complaint in the same manner and with the same powers as provided in chapter 563 of the General Statutes relating to fair employment practices. That procedure is prescribed in § 31-127 of chapter 563 of the General Statutes. The section provides that "[a]ny person claiming to be aggrieved by an alleged

---

held a gun on me, and a second police officer beat me with a black-jack—from my head to my knees. It required 8 stitches to close a 'gash' in my head. Bruises were noticeable on my body as well. These 2 police officers neither arrested me or took me to the station. At no time did they charge or even hint that I might have broken any law. I believe I was discriminated against because of my race, Negro.

Dated at Waterbury this 20th day of January 1968.

                             Roland O. Miller

Subscribed and sworn to before me this 20th day of January 1968

CERTIFIED TRUE COPY            Paul J. Godaire
                                   Notary Public

(s) Arthur L. Green
Arthur L. Green, Director"

unfair employment practice may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unfair employment practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission. . . . After the filing of any complaint, the chairman of the commission shall refer the same to a commissioner or investigator to make prompt preliminary investigation of such complaint and, if such commissioner or investigator determines after such preliminary investigation that there is reasonable cause for believing that an unfair employment practice has been or is being committed as alleged in such complaint, he shall immediately endeavor to eliminate the unfair employment practice complained of by conference, conciliation and persuasion. . . . In case of failure to eliminate such practice, the investigator or investigating commissioner shall certify the complaint and the results of his investigation to the chairman of the commission and to the attorney general. The chairman of the commission shall thereupon appoint a hearing tribunal of three members of the commission or a panel of hearing examiners to hear such complaint and shall cause to be issued and served in the name of the commission a written notice, together with a copy of such complaint, as the same may have been amended, requiring the person, employer, labor organization or employment agency named in such complaint, . . . to answer the charges of such complaint at a hearing before such tribunal, at a time and place to be specified in such notice." Section 371-14 of the rules and regulations of the defendant

commission is substantially identical with the quoted wording of General Statutes § 31-127 which requires that a preliminary investigation be made, that a determination be made that there is reasonable cause for believing that the matters complained of exist and that, if the latter is determined, that its elimination by conference, conciliation and persuasion be attempted before hearing procedures are initiated.

It is quite apparent that a purpose of the statute is to guard against subjecting a respondent to a hearing upon every complaint which might be made to the commission, however unfounded. To guard against such an eventuality, the statute requires the commission, once a complaint has been filed, to investigate it, and it is only after such preliminary investigation has established that there is reasonable cause for action and after arbitration methods have failed that a hearing is authorized. This record does not disclose that the commission ever undertook any of the required steps before assigning the matter for hearing. The result is a situation in which the defendant commission has presumed to cite the Waterbury police department to answer at a hearing on a complaint which totally lacks any facts sufficient to involve the police department in the offense complained of and, upon receipt of which, the commission has not observed the statutory procedures required of it. Under such circumstances, the defendants were without jurisdiction to hold a hearing and the court did not abuse its discretion in enjoining further proceedings. It is not reversible error that the court reached this right result for another reason. *Keyes* v. *Brown,* 155 Conn. 469, 476, 232 A.2d 486; *Powers* v. *Common Council,* 154 Conn. 156, 161, 222 A.2d 337; *Malone* v. *Steinberg,* 138 Conn. 718, 723, 89 A.2d 213.

The claim of the defendants that the court erred in refusing to dismiss the plaintiff's injunction action because Miller, who had filed a complaint with the defendant commission, was not joined as a necessary party is without merit. We are here concerned not with the question of Miller's presence as a necessary party in any proceedings before the commission based on the complaint which he filed with it. We are concerned with whether he was a necessary party to the injunction action which is the subject of this appeal. His presence as a party to the injunction action was not necessary to a determination of the question involved, namely, the rightness and propriety of the commission's attempt to hold a hearing. Neither was his presence necessary for the plaintiff to obtain the relief sought, which was to prevent the defendants from holding a hearing, nor was his presence as a party necessary for complete justice to be done and for a multiplicity of suits to be avoided. The court was correct in refusing to dismiss the plaintiff's injunction action on the ground claimed by the defendants.

The several grounds for relief urged by the plaintiff raise questions which, under other circumstances, might furnish sound basis for discussion. On the bare record before us, however, the basic question is whether, on this complaint, the defendant commission proceeded in legal fashion to require the Waterbury police department to respond at a public hearing.

There is no error.

In this opinion the other judges concurred.