ANNA D. COPE *v.* BOARD OF EDUCATION OF THE TOWN OF WEST HARTFORD
(3424)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued May 15—decision released July 9, 1985

*Gerald L. Garlick,* for the appellant (plaintiff).

*William H. Narwold,* with whom, on the brief, was *Chase Rogers,* for the appellee (defendant).

BORDEN, J. The plaintiff was a teacher in the West Hartford school system. After a full, trial-type hearing, the defendant board of education terminated her contract of employment on the statutory grounds of

inefficiency or incompetence, or other due and sufficient cause. General Statutes § 10-151 (d) (1) and (6). In a well reasoned and comprehensive memorandum of decision, the trial court dismissed her appeal. She appeals to this court. We find no error.

I

The plaintiff's principal claim is that the defendant violated her right to due process solely by failing to adopt written procedural rules governing its termination hearings, including hers. At oral argument in this court, she made the following candid concessions: The procedures actually followed, which were explained to her at the hearing but before it started, met due process requirements. These procedures consisted of her right to be represented by counsel which she exercised, the right to hear the superintendent's witnesses and cross-examine them, and the right to present her own evidence. She did not ask for any further time to prepare once she learned what the procedures were to be. In fact, she conceded, the board's explanation of the procedures did not tell her any more than what she knew before she entered the hearing. She did not request the board to afford her any additional procedural rights. She also conceded that there is nothing in this record to indicate that this defendant had committed any of the administrative abuses which have prompted some federal district courts to require other administrative agencies to promulgate written rules of procedure. See, e.g., *Historic Green Springs, Inc.* v. *Bergland,* 497 F. Sup. 839, 851–56 (E.D. Va. 1980).

Under these circumstances, the plaintiff's claim is utterly without merit. Written procedural rules are not constitutionally necessary to minimize the risk of an unfair termination. See *Pagano* v. *Board of Education,* 4 Conn. App. 1, 7–9, 492 A.2d 197 (1985). Furthermore, she has failed to demonstrate any conceivable preju-

dice to her from the claimed deficiency. *Mauriello* v. *Board of Education,* 176 Conn. 466, 473–74, 408 A.2d 247 (1979).

## II

The plaintiff's second claim, namely, that there was insufficient evidence to justify termination, is equally bereft of merit. As the trial court noted, the record is replete with evidence of the plaintiff's continual neglect, beginning in 1975 and continuing for several years until her discharge, of her overall teaching responsibilities despite repeated warnings and admonitions. Some of this neglect involved a pattern of failure to supervise her first grade students to the extent that their safety became a very serious concern. The evidence was sufficient to justify the board's decision, which was within its particular expertise. *Pagano* v. *Board of Education,* supra, 9.

There is no error.

In this opinion the other judges concurred.