[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Commissioner of Environmental Protection (Commissioner), has filed a complaint in the superior court seeking injunctive and monetary relief against the defendant, First Taxing District of Norwalk. The plaintiff has alleged violations of General Statutes 22a-430, 22a-427 and 22a-422.
The defendant, by revised Special defense, has alleged that General Statutes 22a-424, 22a-428, 22a-431, 22a-432 and22a-435 require the plaintiff to "exhaust administrative procedures by issuing orders to abate and correct discharges and pollution before pursuing a cause of action such as this one in the superior court" and that the plaintiff has failed to do so.
Plaintiff's motion to strike the defendant's special CT Page 9928 defense states:
 The Commissioner of Environmental Protection hereby moves to strike the defendant's Revised Special Defense, in accordance with Connecticut Practice Book 152(5) and 154, on the ground that said Special Defense is legally insufficient as a matter of Connecticut law.
 A supporting Memorandum of law in accordance with Practice Book 155, is attached hereto and incorporated herein by reference.
The defendant has challenged this motion on the grounds that it "fails to comply with Connecticut Practice Book 154 which provides that, `[e]ach motion to strike . . . shall separately set forth each . . . claim of insufficiency and shall distinctly specify the reason or reasons for each . . claimed insufficiency.'"
Practice Book "[s]ection 154 provides in relevant part: `Each motion to strike . . . shall distinctly specify the reason or reasons for each such claimed insufficiency'" Malerba v. Cessna Aircraft Co., 210 Conn. 189, 191, n. 3, 554 A.2d 287
(1989), quoting Practice Book 154 (emphasis in original). "[A] motion to strike that does not specify the grounds of insufficiency is `fatally detective.'" Blancato v. Feldspar Corporation, 203 Conn. 34, 36 n. 3, 522 A.2d 1235, quoting Lubas v. McCuster, 153 Conn. 250, 253 216 A.2d 289 (1965).
 `Practice Book 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of 154 that the reasons for the claimed pleading deficiency be specified in the motion itself.' King v. Board of Education, Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5, 513 A.2d 66 (1966).
Blancato v. Feldspar Corporation, supra, 36 n. 3. "A general statement contained in a motion to strike that the complaint does not state a claim upon which relief can be granted is usually insufficient to comply with Practice Book 154." Rowe v. Godou, 12 Conn. App. 538, 541, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988), citing Morris v. Hartford Courant Co., supra, 683 n. 5; Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, A motion to strike which does not distinctly specify the reasons for the claims of insufficiency CT Page 9929 is not saved by referring to an attached memorandum of law which contains such reason. King v. Board of Education, supra, 94 n. 4.
The instant motion to strike does no more than the motion to strike in King. The instant motion to strike is likewise defective.
The court chooses, for reason of judicial economy, to address the merits of the plaintiff's motion.
It is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner . . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power. Waterbury v. Commission on Human Rights Opportunities, 160 Conn. 226, 230, 278 A.2d 771 (1971). Castro v. Viera, 207 Conn. 420, 428, 541 A.2d 1216 (1988) (citations omitted). "Action taken by an administrative agency in excess of its statutory authority is void and without legal effect." Young v. Chase, 18 Conn. App. 85, 93,557 A.2d 134 (1989) (citation omitted).
The defendant argues that General Statutes 22a-430
and 22a-435 prohibit the Commissioner from filing a complaint in the superior court for violations of general statutes22a-427 and 22a-430 before she issues administrative orders to abate such violations.
General Statutes 22a-430 contains no such limitation. "`When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction." Cilley v. Lamphere, 206 Conn. 6, 9-10, 535 A.2d 1305 (1988)." Battersby v. Battersby, 218 Conn. 467, 470, (1991). General Statutes 22a -430(d) provides that when the Commissioner finds there is a violation of this section she may either "issue an order to abate pollution . . . or . . . request the attorney general to bring an action in the superior court . . . ." Under similar facts, this court has found that "a perusal of the texts of all relevant statutory sections reveals that they are devoid of any language which would create such an administrative hurdle for the state EPA." Anderson v. West Haven, 3 CSCR 726, 727 (July 22, 1988, O'Connor, J.)
General Statutes 22a-435 does envision that an action for injunctive relief brought by the Commissioner for a violation of General Statutes 22a-427 be brought only after the defendant has failed to comply with an abatement order issued pursuant to General Statutes 22a-428. Nevertheless, an CT Page 9930 action brought for monetary damages pursuant to General Statutes 22a-438 does not require the issuance of an administrative order. Therefore, an action brought for a violation of General Statutes 22a-427 or 22a-422 for monetary damages need not be preceded by the issuance of an administrative order by the Commissioner.
The Motion to Strike is granted.
JOHN F. WALSH, J.