[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal is by the State of Connecticut and its Department of Administrative Services, Department of Corrections and Department of Veterans Affairs contesting a decision of the State of Connecticut Employees Review Board issued September 11, 1990. The Appeal was timely filed on October 10, 1990. It was filed pursuant to Conn. Gen. Stat. Sec. 5-202, Conn. Gen. Stat. Sec. 4-183, P.A. 87-456 and P.A. 88-307.
The Employees Review Board's decision which is the subject of this appeal awarded two individual State of Connecticut employees, respondents Sulla and Chernovetz, salary bonuses for excellent performance under the State's Management Incentive Plan.
Messrs. Sulla and Chernovetz separately grieved their respective departments failure to pay Management Incentive Plan bonuses. [see Sulla's grievance of July 11, 1989 and Chernovetz's grievance of July 20, 1989]. Sulla was an Agency Personnel Administrator with the Department of Veterans' Affairs and Chernovetz was a Department of Corrections Warden at all times relevant to this appeal. The Employees Review Board consolidated their grievances for hearing and decision purposes.
The individual respondents brought their grievances pursuant to a procedure for non-collective bargaining unit employees of the State. Conn. Gen. Stat. Sec. 5-202 provides for grievances of such state employees to be decided by the Employees Review Board.
This case turns on the application of Conn. Gen. Stat. Sec. 5-202 and a specific limiting section thereof which provides in pertinent part:
 5-202(f) "all matters involving . . . compensation for . . . duties . . . shall not be appealable under this section."
It is the State's position that the Management Incentive CT Page 3845 Plan bonuses were compensation for duties within the meaning of Conn. Gen. Stat. Sec. 5-202(f) and thus were not properly the subject of a grievance under 5-202(f). The State claims that the Employees Review Board did not have jurisdiction to hear this consolidated grievance. The Court agrees with the appellants position on the interpretation to be offered this statute.
In order to determine whether Management Incentive Plan bonuses are ". . . compensation for . . . duties . . ." the factual history of the Management Incentive Plan must be analyzed as well as the history of Conn. Gen. Stat. Sec. 5-202.
The Management Incentive Plan which authorizes state agencies to grant pay performance bonuses has existed since at least 1979. See P.A. 79, 121, Conn. Gen. Stat. Sec.5-210(d). The Management Incentive Plan involves the evaluation and rating of employees by their supervisor on a scale in descending order: outstanding, excellent, fully successful, needs improvement or unacceptable.
The number of employees in any agency who may be rated in the top three categories is limited by regulation of the Department of Administrative Services. The executive in charge of any agency will review supervisor evaluations and conform them to the numerical limits for the agency. Similarly, such agency rating will be reviewed by the Department of Administrative Services for conformance with its numerical limitations. An "Outstanding" rating results in compensation enhancement of up to 8% of salary, which would involve 3.5% salary increase and up to 4.5% variable bonus. The "Excellent" rating results in a maximum payment of 5.0%, with 3.5% salary increase and bonus of up to 1.5%. The "Fully Successful" rating results in no bonus, but the 3.5% salary increase. [See, Management Incentive Plan Handbook in Record].
In the case of the individual respondents each was initially rated as "Outstanding" by his supervisor for the 1988 — 1989 fiscal year. Mr. Sulla's rating was pursuant to the Management Incentive Plan adjusted by his agency director from "Outstanding" to "Excellent" on June 30, 1989.
The Department of Administrative Services on June 21, 1989 notified all state agencies that because of fiscal considerations Management Incentive Plan payments would be limited to the 3.5% salary increases. In lieu of bonuses agencies were directed to recognize "Outstanding" and "Excellent" performance with certificates. Appropriate certificates were eventually issued to both respondents. CT Page 3846
The individual grievances of Messrs. Sulla and Chernovetz were denied at the agency level and by the Department of Administrative Services. In its decision the Department of Administrative Services relied on the jurisdictional issue relating to grievances involving compensation for duties, Conn. Gen. Stat. Sec. 52-202(f).
The aggrieved individuals appealed the Department of Administrative Services' denial to the Employees Review Board which reversed the Department of Administrative Services' decision and directed the State to pay the bonuses pursuant to the Management Incentive Plan.
The State, Department of Administrative Services, Department of Veterans Affairs and Department of Corrections appeal the Employees Review Board decision.
The Employees Review Board in resolving the decision considered the jurisdictional claim under Section 5-202(f) which is raised in this appeal. The Employees Review Board in a conclusion of law held that the Management Incentive Plan payments were a form of compensation under Section5-202(f).
The analysis which resulted in their assertion of jurisdiction is found at page 14 of the Employees Review Board decision.
 "Viewed mechanically, Management Incentive Plan payments are `compensation for duties'. For managers receiving `Excellent' or `Outstanding', it is clear that they either perform more duties than are normal, or perform normal duties in a superior manner, or both. However, we believe that the phrase should not be read literally. To do so would be contrary to its probable purpose, unnecessary in order to give meaning to the phrase, and frustrate the overall plan of the legislature in establishing the Employees' Review Board."
This Court to the contrary feels that the statutory language must here be given its clear, literal meaning. The intention of the legislature is found in the wording of the statute. Shortt v. New Milford, 212 Conn. 294, 305 (1989), Ganim v. Roberts, 204 Conn. 760, 763. It is axiomatic that in interpreting a statute, the intent of the legislature must be ascertained, All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184, 194 (1989). The intent of the legislature is revealed in the language actually used by the CT Page 3847 legislature. Caltabiano v. Planning and Zoning Commission,211 Conn. 662, 666 (1989).
The deference due the determinations of the administrative agency do not extend to issues of law. Connecticut Hospital Association v. Commission on Hospitals,200 Conn. 133, 140 (1986). "The construction and interpretation of a statute, is a question of law for the courts, . . ." State Medical Society v. Board of Examiners,208 Conn. 709, 717 (1988).
This approach may appear mechanistic to the Employees Review Board, which fashioned itself as ". . ., fully aware of our assignment as a `junior partner' to the legislation, in its task of enacting legislation."; yet, it is constitutionally required of the Judiciary to leave the legislative role exclusively to the Legislature, See ArticleSecond of the Connecticut Constitution.
Compensation is defined for purposes of the State Personnel Act as "The salary, wages, benefits and other forms of valuable consideration earned by and provided to an employee in renumeration for services rendered." Conn. Gen. Stat. Sec. 5-196(f). Also see Anderson v. Pension 
Retirement Board, 167 Conn. 352, 355 (1974) for a consistent definition of "compensation" by our Supreme Court. Duties is nowhere defined in the act, thus we must rely on its commonly understood meaning, Kilpatrick v. Board of Education,206 Conn. 25, 28 (1988) or dictionary definition.
Webster's New Universal Unabridged Dictionary defines duty as follows:
1. that which a person is bound, by any moral or legal obligation, to pay, do or perform; . . .
4. any service, labor, function, or office required of any particular person; . . .
The Management Incentive Plan bonuses are unquestionably "valuable consideration" "provided to employees for services rendered." The services rendered are duties in that an employee, especially in such high ranking positions as the individual respondents, of the state is bound and obliged, morally and/or legally to perform to the best of their abilities the service, labor or function of their office.
The construction of Conn. Gen. Stat. Section 5-202(f) adopted in this decision is supported by the legislative history of this statutory provision. CT Page 3848
In Public Act Number 79-621, Section 7 specifically added the term "duties" to the exclusionary language of Conn. Gen. Stat. Sec. 5-202(f).
It is a cardinal rule of statutory construction that the legislature intends a change in the statute when it amends the language of a statute. Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1988).
Public Act Number 79-621, Section 7 expanded the scope of the exclusions in Section 5-202(f). The Employment Review Board creatively viewed this amendment to assign no substantive meaning to the addition of "duties" to the statutory provision.
The Employees Review Board understandably was troubled by the retroactive forfeiture of earned bonuses by the State. This does not, however, warrant the Employees Review Board expanding its jurisdiction beyond what is statutory proscribed. See Castro v. Viera, 207 Conn. 420, 428 (1988), Stern v. Medical Examining Board, 208 Conn. 492, 498 (1988); Goldberg v. Insurance Department, 9 Conn. App. 622, 626
(1987).
The compelling nature of the equities of Mr. Sulla's and Mr. Chernovetz' claims does not transform them from assertions of statutory right to an implication of constitutional liberties. The vigilance with which courts protect constitutional rights is in marked contrast with the discipline required by the separation of powers in the construction of statutes.
The Employees Review Board was without jurisdiction to entertain the grievances of Messrs. Sulla and Chernovetz, and the appeal is sustained.
The decision of the Employees Review Board, subject of this appeal is reversed.
BY THE COURT, HON. ROBERT McWEENY SUPERIOR COURT JUDGE