[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT AND CONCLUSIONS OF LAW
Procedural History
The plaintiffs, John W. Pillar, Claude W. Burrell, and Dennis E. Gagnon, brought this case with a return date of October 29, 1996. The plaintiffs' writ named as defendants the Town of Groton, the Town of Groton Town Council, the Town Manager, the Town Clerk and members of the Town Council in their individual capacities. The plaintiffs requested a temporary injunction and the Court entered an order to show cause on October 21, 1996. Following a discussion with the Court, the defendants filed an answer to the plaintiffs' complaint, which answer was dated October 23, 1996. The parties agreed that there would be no hearing or ruling on the temporary injunction and that the Court would hear the case on the afternoons of October 23 and October 24. The Court's rulings as a result of those hearings are on the permanent injunction and a final disposition of the case.
Findings of Fact
The Court finds the following facts.
(1) Section 2.7.1 of the Town of Groton Charter states, in part: ". . . Any person ceasing to be a resident or elector of said town shall thereupon cease to hold elective office in the town."
(2) In November of 1995, Bernard W. Steadman was an elector of the Town of Groton and had a residence in the Town of Groton.
(3) In November of 1995, Bernard W. Steadman was elected to the Groton Town Council.
(4) On January 11, 1996, Jean C. Steadman sold property known as 46 Dogwood Lane to Robert P. Jackman and Julia C. Jackman.
(5) Bernard W. Steadman had a motor vehicle registered in the name of Bernard W. Steadman or Jean C. Steadman which showed a vehicle address of 46 Dogwood Lane.
(6) On March 7, 1996, Bernard W. Steadman filed a document with the Connecticut Motor Vehicle Department under penalty of false statement. That document listed as residence address 12 North Street, Stonington, Connecticut 06378. CT Page 8754
(7) A 1996 telephone directory listed a telephone number for Bernard W. Steadman which was located in the Town of Stonington.
(8) The manual of town officials published by the Town of Groton for 1996 contained no residence address for Bernard W. Steadman.
(9) Most members of the Groton Town Council read an article which appeared in the New London Day on June 23, 1996, which contained the following paragraph: "Steadman is divorced with two grown children. He has been living with friends in Stonington since January 1st, when he sold his house on Dogwood Lane in Mystic."
(10) Steadman resigned as a town councilor effective July 1, 1996.
(11) On June 25, 1996, the Town Council held a special meeting.
(12) Present at that meeting were Councilors Hauber, Bartinik, Dauphinais, O'Beirne, Steadman and Watson.
(13) Section 4.4 of the Town of Groton Charter requires that six members of the Council shall constitute a quorum.
(14) The plaintiffs are residents and taxpayers and electors of the Town of Groton.
(15) At the special meeting on June 25, the Council purported to set a public hearing for an ordinance appropriating $450,000 for additions and improvements to the Shennecossett Golf Course.
(16) At that meeting, the Council purported to refer those proposed improvements to the Planning Commission in the accordance with the Town Charter and state statute.
(17) At the special meeting on June 25, the Council purported to set a public hearing for an ordinance appropriating $10,388,000 for additions and improvements to the Water Pollution Control Authority. CT Page 8755
(18) At that meeting, the Council purported to refer those proposed improvements to the Planning Commission in accordance with the Town Charter and state statutes.
(19) Bernard W. Steadman was not a resident of Groton on June 25, 1996.
(20) No member of the Town Council were clearly aware of the fact that Bernard W. Steadman was not a resident of Groton on June 25, 1996, nor did the members of the Town Council have sufficient time to conduct a thorough investigation in response to the information obtained by them after reading The Day article published on June 23, 1996.
(21) No other Town official had clear information indicating that Bernard W. Steadman was not a resident of the Town of Groton on June 25, 1996.
Conclusions of Law
(1) The Charter of the Town of Groton provides in Section 4.6 for public hearings and publication of ordinances. It does not specifically provide for a vote to set the date of a public hearing, or a vote to publish an ordinance, or a vote for referral of matters to the Planning Commission.
(2) While it would have been preferable to have had a quorum excluding Mr. Steadman on June 25, 1996, the Court finds that the proposed ordinance was, in fact, considered by the Planning Commission and was, in fact, considered at a public hearing of which the public had notice.
(3) The ordinances were adopted by the Town Council without the participation of Mr. Steadman and will be acted upon favorably or unfavorably by the voters of the Town of Groton as a ballot item in the election scheduled for November 5, 1996.
(4) The present action is an action for a permanent injunction and is neither an action of quo warranto testing Mr. Steadman's entitlement to hold office nor an action for declaratory judgment on any issue.
(5) Essential parties, not before the Court, would be necessary to a declaratory judgment action. Practice Book Section 320D. CT Page 8756
(6) Where a municipal act or ordinance is declared invalid, legally ineffective or ultra vires a court may grant an injunction to prevent the illegal exercise of the power conferred by that ordinance. Whitney v. New Haven, 58 Conn. 450 (1890).
(7) While it would have been preferable that Mr. Steadman not participate at the June 25, 1996, meeting, no action clearly mandated by the Charter was taken at that meeting, and those actions which were clearly mandated by the Charter were taken at a later time without the participation of Mr. Steadman. Consequently, the Court finds that the ordinances in question are not invalid, legally ineffective or ultra vires.
(8) In addition, if the ordinances were ineffective, a party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of adequate remedy at law.Walton v. New Hartford, 223 Conn. 155, 165 (1992).
(9) A prayer for injunctive relief is addressed to the sound discretion of the Court. Waterbury v. Commission on HumanRights and Opportunities, 160 Conn. 226, 230 (1971).
(10) In exercise of its discretion, the Court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction.Moore v. Serafin, 163 Conn. 1, 6 (1972); Walton, supra, at 165.
Conclusion
The Court concludes as a matter of law that the required public hearings have been duly noticed and held, the matters have been referred and approved by the Planning Commission, the ordinances have been adopted by legal votes of the Town Council and the Representative Town Meeting, and the final decision on the matter will be made by the public at the ballot box on November 5. An injunction issued by this Court would disrupt that process.
No claim is made that the Town Council could not hold a subsequent meeting to correct its error, if any. No claim is made that the proposed appropriations are outside of the authority of the Council if proper procedures had been followed. The only conceivable harm to the plaintiffs is that the matter may come to a vote at the ballot box with a procedural defect. While this CT Page 8757 Court holds that the procedural defect does not render the ordinances invalid, it is equally convinced that, on balance, the injury complained of does not outweigh the harm that would result from interference by the imposition of an injunction. This is an inappropriate case for the Court to exercise its equitable power and issue an injunction.
For the foregoing reasons, the injunction is denied.
Kevin E. Booth, J.