[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Veterans Memorial Medical Center (Veterans Memorial) appeals pursuant to General Statutes 17-292(c) and4-183 the decision of the Department of Income Maintenance (the Department) sustaining the decision of the defendant City of Meriden (the City) which denied Veterans Memorial's application for payment of the hospital bill of one Robin Barrington. Although the hospital bill in this case was incurred by Ms. Barrington for services rendered to her, section 17-292(c) provides that the hospital may appeal an adverse ruling by the town to the Department and, following an adverse decision by the Department, to this court pursuant to section 4-183. Accordingly, the court finds that Veterans Memorial has standing and is aggrieved.
On August 9, 1990, Robin Barrington, a resident of Meriden, was admitted to Veterans Memorial. Ms. Barrington was unemployed and her only monthly income was social security benefits for her daughter in the amount or $112.00 per month. She was discharged on August 12, 1990. The hospital bill at the private rate was $6,135.77 The bill at the "state rate" was $1,780.11.
On August 28, 1990, Veterans Memorial submitted an application to the City for payment of the medical bill of Ms. Barrington at the state rate, pursuant to General Statutes 17-274(a). On October 1, 1990, Ms. Barrington applied to the Department for Title XIX (Medicaid) benefits. The application for Title XIX benefits was denied by the Department on October 12, 1990, for failure to supply information. On December 18, 1990, the City denied plaintiff's application for payment of the hospital bill on the ground that Ms. Barrington never "followed through with" her Title XIX application. CT Page 2480
On April 11, 1991, Veterans Memorial requested a hearing with the Commissioner of the Department or her representative pursuant to 317-292(c). On June 3, 1951, a hearing was held before Ann Popolizio, Hearing Officer for the Department. The Department rendered a decision on August 22, 1991, which sustained the City's decision denying Veterans Memorial's application on the basis that Ms. Barrington failed to "follow through for" Title XIX benefits.
Plaintiff Veterans Memorial requests that the court reverse the Department's decision and order the City to grant its application for medical assistance under 17-274 and promptly forward all forms necessary for payment of her bill to the appropriate parties.
General Statutes 17-274 requires municipalities to pay for medical services rendered to indigent residents. It further provides that a hospital may apply to the municipality for direct reimbursement for such services. During oral argument to the court on this appeal, counsel for the Department and the City conceded that Ms. Barrington was financially eligible for city assistance, including medical benefits under 17-274. The sole basis for denying Veterans Memorial's claim was Ms. Barrington's alleged failure to comply with the statutory requirements concerning third party benefits. In this regard, section 17-274(a) provides as follows:
 If any person is entitled to any third party payment a town shall not be liable for the payment of any medical bill until an application has been completed on behalf of such person for such third party payment to which he is entitled, including . . . Medicare and medical assistance pursuant to part IV of Chapter 302.
The Department and the City argue that Ms. Barrington did not complete her application for Title XIX Medicare benefits and, therefore, the City never became liable to Veterans Memorial for her hospital bill. The court disagrees.
In her decision, the hearing officer makes the following observations, findings of fact and conclusions concerning Ms. Barrington's application for Medicaid benefits:
 The undersigned has reviewed the information presented at the administrative hearing. The city is found to have been correct in denying CT Page 2481 benefits to the patient because she did not establish her eligibility for state medical assistance.
 The patient is a young woman with two minor children. The city worker referred the patient to the State Department of Income Maintenance (DIM) for an application for medical assistance. That application was denied because the patient did not give some information regarding the children's father. The patient did not establish her eligibility. She failed to pursue a resource which may have been available to her. One of the basic requirements in the General Assistance Medical Aid (GAMA) program is that an individual pursue other resources such as Title XIX Medical Assistance, and Social Security.
 I do fault the city for not assisting the patient in appealing her denial by DIM. The city should have assisted the patient and aided her in establishing eligibility for Title XIX. It did not do so.
 The overriding question, however, is not whether the city assisted in appealing the denial, but whether the patient cooperated and sought eligibility for a resource which was potentially available to her. She sought the resource, but failed to establish her potential eligibility. For this reason I am upholding the denial of benefits.
Administrative Hearing Decision, August 22, 1991, pp. 2-3. Record p. 3. (Emphasis added).
 When the interviews (for city assistance) was completed, the patient said (and it was verified) that she had a pending application for state medical assistance.
Ibid. (Emphasis added).
 The narrative screen indicates that the application was denied on October 12, 1990, because the client did not provide information on the father of her children.
Ibid. p. 4. (Emphasis added). CT Page 2482
Officer's Findings of Fact
. . .
 8. The patient did not provide the State sufficient information with which to establish eligibility for Title XIX Medical Assistance.
The form completed by the city to document the denial of Veterans Memorial's request for payment merely states, "Denied. Client never followed through with State; therefore we are denying." Record p. 11.
The transcript of the hearing held by the Department in this case, including testimony of Ms. Barrington and the city official responsible for granting or withholding medical payments, indicates that Ms. Barrington applied for Medicare but in subsequent interviews refused to give the name of the father of one of her two children. It was this refusal, rather than a failure to complete the application, which caused the Department to deny the application for Medicare. It is significant in this regard, and inexplicable, that the patient's Medical application form was not made part of the record. And defense counsel were unable to enlighten the court as to whether any questions concerning the paternity of Ms. Barrington's child appeared on the form. As stated above, the court's examination of the whole record indicates that such questions were not on the application but, rather, were brought up subsequently by the Department's case worker.
In summary, all of the evidence in the record indicates that Ms. Barrington completed an application for Title XIX Medicare benefits. The Department and the City argue, however, that section 17-274(a) requires more. Specifically, the defendants claim that a patient must continue to cooperate after completing an application for Medicaid by providing additional information in order to establish his or her eligibility for that third party payment. And this, they argue, is true even when the additional information requested by the Department bears little relevance to the Medicaid benefit applied for by the patient or the medical reimbursement applied for under section 17-274(a). In this regard, all parties agree that in this case, the name of the man who fathered Ms. Barrington's child but to whom she is not married has no relevance to her eligibility for Title XIX Medicaid benefits for her own medical bills. The defendants cite in support of their position various sections of the Department's Policy Manual, Regulations of State Agencies 17-3a-28 et seq. In particular, they cite Chapter II, XVIII, 6.d, p. 256, which CT Page 2483 reads:
 The town is not liable to pay the medical bill if the applicant did not follow through on a potential resource, including third party benefits.
and Ibid. p. 270, which reads as follows:
 All applicants and recipients shall be required to pursue all third party resources for which they might be eligible.
The court is not persuaded, however, that these regulations create an obligation on the patient greater than that expressed in the plain words of the statute. An agency's rule making power extends only to the point of effecting the legislative will as expressed by statute. Goldberg v. Insurance Department, 9 Conn. App. 622, 626 (1987). Therefore, although the Department could promulgate regulations to effectuate the statutory obligation that the patient complete an application for Medicare benefits, it could not enlarge on that obligation so as to require the patient to go further and "pursue" or "follow through" as part of the 17-274(a) mandate. This interpretation of section 17-274(a), as it applies to this case, is reinforced by the language of Public Act 91-8
(June Special Session), enacted in 1991, subsequent to the events in this case. That Act changed the provision in question so that it now reads:
 No applicant who may be eligible for a third party payment to which he is entitled, including private insurance, hospital or medical service corporation benefits, veterans' benefits, Medicare and medical assistance pursuant to part IV of chapter 302 shall be eligible for general assistance medical aid until he has completed the application process for such benefits. On or after October 1, 1991, a town shall not be liable for payment of the applicant's medical bills if the applicant fails to provide sufficient documentation to determine his eligibility for such benefits. Failure of a person or a legally liable relative of the person to cooperate in the application process shall not prevent payment to a medical provider for services rendered to the person if adequate information is otherwise available CT Page 2484 to determine the person's eligibility under this section. (Emphasis added).
The defendants argue that Public Act 91-8
(June Special Session) is prospective in application and does not apply to the present case. The court agrees. It is significant, however, in that it makes clear that there is a statutory distinction between mere completion of an application for Medicaid, as required under the version of section 17-274(a) which does apply to this case, and the broader obligation to complete "the application process" and "to provide sufficient documentation to determine (the applicant's) eligibility for (Medicaid) benefits" under the new law. The prior law, which does apply to this case, does not provide the broader requirements of the new law, and it follows that the prior regulations could not be out in front, as it were, in anticipating the new broader requirements.
The court concludes that the hearing officer for the Department exceeded her statutory authority in requiring the patient, Ms. Barrington, to do more than complete an application for Medicaid as a prerequisite to the hospital's right to reimbursement for the patient's bill. All of the evidence indicates that the patient completed the application. The statute does not require more. As already indicated, Ms. Barrington was fully qualified to receive city assistance, including medical benefits, and Veterans Memorial's application for reimbursement of its bill was denied solely on the basis of the Medicaid application issue. The agency's action violated General Statutes 17-274(a) and was in excess of its authority. The plaintiff's substantial rights, to reimbursement of its medical services bill, have clearly been prejudiced.
For all of the above reasons, and in accordance with General Statutes 4-183, the plaintiff's appeal is sustained.
MALONEY, JUDGE