[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Middlesex Hospital (the Hospital), appeals the decision of the defendant Department of Income Maintenance (the Department) upholding the denial by the defendant Town of Hamden (the Town) of General Assistance Medical Aid (GAMA) to the patient Mary Landino. The Department acted pursuant to General Statutes 17-292(c). The plaintiff appeals pursuant to General Statutes 17-292(c) and 4-183.
The following facts are undisputed and/or reflected in the record. On November 20, 1990, Mary Landino, a resident of Hamden, was admitted to the Hospital. She was discharged on December 10, 1990. The hospital bill at the CT Page 11115 private rate was $10,865.07. At the state rate, the bill was $7,964.80.
Landino received supplemental social security benefits (SSI) of $386.00 a month. She was also a Title XIX-Medicaid recipient. The Hospital applied to have its bill covered by Medicaid but that application was denied on the basis that hospitalization of Landino was not medically necessary.
At the time of her admission to the hospital, Landino was residing at Barbara's Rest Home in East Hampton. Before her residency in the rest home, Landon lived in Hamden denied plaintiff's application on the basis that the services were eligible for payment by Title XIX and were not eligible for payment by the Town as GAMA (alleged in paragraph 9 and admitted.) In its Notice of Action for General Assistance (W-1255), however, the Town stated that services deemed ineligible for payment by Title XIX are not eligible for payment by General Assistance. The plaintiff then requested a hearing from the Department pursuant to 17-292(c). A hearing was held and the Department subsequently rendered a decision holding that the hospital was not entitled to payment from the town on the sole basis that the patient did not appeal the initial denial of her Medicaid application.
The Department now argues, inter alia, that the denial of GAMA was warranted because Landino did not satisfy the medical and indigency eligibility criteria prescribed by General Statutes 17-274(a). It claims that these must be satisfied before the issue of third party liability arises. Furthermore, it argues, the Town is not required to pay GAMA to Medicaid recipients for services which Medicaid covers. The problem with these arguments in this appeal, however, is that the explicit basis of the decision of the Department's hearing officer upholding the denial of GAMA was the "(t)he applicant did not pursue third party benefits. Medicaid is a third party benefit." Record #1. Specifically, the hearing officer found that the hospital, acting as surrogate for the patient, failed to "appeal" the denial of Medicaid coverage by seeking reconsideration of the determination by the Connecticut Peer Review Organization (CPRO). The Department's argument on appeal seeks to have the court substitute a new rationale for rejecting the Hospital's claim. this is completely different from the rationale which was provided by the hearing officer who made the final decision. In effect, the court is asked to retry the case and substitute its reasoning and its judgment for that of the hearing officer. The law does not, of course, permit such a role reversal. Ottochian v. Freedom of Information Commission, 221 Conn. 393,397 (1992). The court must confine its review in this appeal to the final decision which was actually rendered by the administrative agency.
this court has repeatedly held that the third party benefit application requirement in General Statutes 17-274 (Rev'd 1991) means only that the CT Page 11116 patient or hospital must apply for such benefit. It does not mean that the applicant must "pursue" or "follow through" in order to satisfy that requirement. Veterans Memorial Medical Center, No. CV91 032 26 73 (Superior Court, New Haven J.D., March 17, 1992, Maloney, J.) 7 CSCR 457; Middlesex Hospital v. Town of Colchester J.D., May 5, 1992, Maloney, J.); appeal dismissed, ___ Conn. ___ (October 13, 1992), In the instant case, the plaintiff applied for the third party benefit, and the application was denied. There is no requirement in 17-274 that the plaintiff "appeal" that denial as a prerequisite for eligibility for general assistance medical payments. The Department's decision holding to the contrary was in error.
The plaintiff's appeal is sustained.